IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| VS. | § | C.A. NO. 4:19-CV-2328 |
| | § | |
| TRANSOCEAN DRILLING (USA), | § | |
| INC., ET AL. | § | |

**NOTICE OF REMOVAL BY GRAND ISLE SHIPYARD, LLC
AND SEADRILL GULF OPERATIONS NEPTUNE LLC**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW Grand Isle Shipyard, LLC ("Grand Isle") and Seadrill Gulf Operations Neptune, LLC ("Seadrill") and pursuant to 28 U.S.C. §§ 1446(a) and § 1441(a) and 43 U.S.C. § 1349(b)(1) hereby give notice of removal of this case from the 234th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof, would respectfully show the Court the following:

### I. INTRODUCTION

1. On May 17, 2019, Mark Flora ("Plaintiff") filed Cause No. 2019-34522 in the 234th Judicial District Court of Harris County, Texas, against the following parties:

    a. Transocean Drilling (USA) Inc.;

    b. Seadrill Gulf Operations Neptune, LLC;

    c. Gulf Logistics LLC;

    d. Gulf Logistics Operating LLC;

    e. Gulf Logistics Services LLC; and,

    f. Grand Isle Shipyard, LLC.

(See Plaintiff's Original [Texas state court] Petition, included in the state court pleadings attached as Exhibit H).

2. Plaintiff claims to have sustained injuries "on or about May 24, 2017, when he was working as a seaman for Defendant aboard the vessel *Maggie A*, which was owned, operated, and/or managed by Defendants." (Plaintiff's Original Petition at § 11). The *Maggie A* is an offshore supply boat and, based on the best information currently available to Movants, its crew was in the process of offloading groceries from the *Maggie A* to the *West Neptune* at the time of the alleged incident.

3. Contrary to Plaintiff's allegations, Seadrill did not employ Plaintiff or any other member of the crew of the *Maggie A* and Seadrill did not own, operate or manage the *Maggie A* at the time of the alleged incident. (See Exhibit B, Declaration of Brett Cole). However, Seadrill was the bareboat charterer of the *West Neptune*, which is a drillship that was working offshore in the United States Gulf of Mexico at the time of the alleged incident made the basis of this lawsuit and was temporarily connected to the Outer Continental Shelf of the United States of America. (See Exhibit C, Declaration of Steven L. Stegeman).

4. Grand Isle denies that it is a proper party to this lawsuit. More particularly, Grand Isle denies that it owned, operated or managed the *Maggie A* and Grand Isle denies that it employed Plaintiff or any other individual working upon, employed upon, or otherwise responsible for the *Maggie A*. (See Exhibit D, Declaration of Eric Callais).

## II. BASES FOR REMOVAL

5. Removal based on 43 U.S.C. § 1349(b)(1) is proper because:

   a. "OCSLA explicitly provides that district courts have federal question jurisdiction over claims occurring on the Outer Continental Shelf. 43 U.S.C. § 1333(a)(1). Thus, even though maritime cases are exempted by statute from original question jurisdiction under § 1441(a), OCSLA statutorily restores federal question jurisdiction over these claims even when they apply maritime law as the substantive law of the decision." *Barker v. Hercules Offshore*, 713 F.3d 208, 220-221 (5th Cir. 2013).

b. The *West Neptune* was temporarily connected to the Outer Continental Shelf at the time of the alleged incident and, accordingly, OCSLA applies to any of Plaintiff's claims related to the *West Neptune*.

c. Without waiving any defenses, all properly joined and served defendants have consented to removal. More particularly,

   i. Counsel for Gulf Logistics LLC and Gulf Logistics Operating, Inc. has consented to the removal without waiver of any substantive or procedural defenses they may have (See Exhibit E, Declaration of Christina Schovajsa).

   ii. While it expressly denies that it is a proper party to respond to Plaintiff's claims, Transocean Drilling (USA), Inc. has consented to removal. (See Exhibit F, Declaration of Maria Strickland).

d. "Gulf Logistics Services LLC" has not been properly served or joined. More particularly:

   i. Plaintiff represented Gulf Logistics Services could be and was served by serving the Texas Secretary of State, who then will forward process to 11828 Highway 1, Larose, Louisiana 70373. (See Exhibit H, Plaintiff's Original Petition and Exhibit G, Return of Service to Gulf Logistics Services). However, according to the Louisiana Secretary of State, Gulf Logistics Services' registered agent is Toby J. Hebert, 138 East 6th Street, Larose, Louisiana 70373. (See Exhibit E, Declaration of Christina Schovajsa)

   ii. Defendant Gulf Logistics LLC owned the *Maggie A* at the time of the incident and Gulf Logistics Services LLC has no affiliation with the *Maggie A* or its owner or operator. (See Exhibit E, Declaration of Christina Schovajsa)

6. Removal is timely filed as both Grand Isle and Seadrill were served through their registered agent for service of process on May 30, 2019. As such, Movants' Notice of Removal is timely filed within the 30-day time period required by 28 U.S.C. § 1446.

7. Venue is proper in this district because this is the district and division within which the removed action has been pending. 28 U.S.C. § 1446(a).

8. Pursuant to Southern District of Texas Local Rule 81, Defendant is also filing the following documents with the Court:

- an index of matters being filed with this notice is attached as Exhibit A;

- a copy of process is attached as Exhibit G;

- all pleadings asserting causes of action and all answers in the state court action with Cause No. 2019-34522 are attached as Exhibit H;

- a copy of the docket in the state court action with Cause No. 2019-34522 is attached to this notice as Exhibit I; and,

- a list of all counsel of record, including addresses, telephone numbers, and parties represented in the state court case is attached as Exhibit J.

9. Movants will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is then pending.

10. Plaintiff did demand a trial by jury in the state court action.

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

*/s/ Robert L. Klawetter*
Robert L. Klawetter
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Defendant*
*Seadrill Gulf Operations Neptune, LLC*

BROWN SIMS

*/s/ John G. H. Davis* \*
Michael D. Williams
State Bar No. 21564330
mwilliams@brownsims.com
John G.H. Davis
State Bar No24012507
jdavis@brownsims.com
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: (713) 351-6213
Facsimile: (713) 629-5027

*Attorneys for Defendant*
*Grand Isle Shipyard, LLC*

\* *Signed by permission*

## CERTIFICATE OF SERVICE

I certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I forwarded a true and correct copy of the foregoing to all counsel of record on this the **28th** day of **June, 2019**.

| *Via U.S. and Electronic Mail* | *Via U.S. and Electronic Mail* |
|---|---|
| John D. Sheppard | Michael D. Williams |
| Nicholas A. Morrow | John G. H. Davis |
| Daniel E. Sheppard | Brown Sims |
| Morrow & Sheppard LLP | 1177 West Loop South, Tenth Floor |
| 3701 Kirby Dr., Ste. 1000 | Houston, Texas 77027 |
| Houston, Texas 77098 | |

*/s/ Robert L. Klawetter*
Robert L. Klawetter