# EXHIBIT H

CAUSE NO. _____

| | | |
|---|---|---|
| MARK FLORA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSOCEAN DRILLING (USA), INC., | § | |
| ET AL. | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

Plaintiff files this Original Petition, Jury Demand, and Request for Disclosure against Transocean Drilling (USA), Inc.; Seadrill Gulf Operations Neptune, LLC; Gulf Logistics LLC; Gulf Logistics Operating LLC; Gulf Logistics Services LLC; and Grand Isle Shipyard, LLC and would respectfully show the Court as follows:

### I.    JURISDICTION & VENUE

1.    Venue and jurisdiction are proper in this County under Texas Civil Practices Remedies Code 15.0181(c) and/or 15.0181(d), the Jones Act, and/or general maritime law. Plaintiff seeks damages within the jurisdictional limits of this Court of over $1,000,000. Further, it is well settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### II.    DISCOVERY LEVEL

2.    Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### III.    PARTIES

3.    Plaintiff is an American seaman and is a resident of Texas.

4. Defendant Transocean Drilling (USA) Inc. is corporation doing business in the State of Texas with its principal office in this state located in Harris County. Defendant may be served with process by serving its registered agent, Capitol Corporate Services, Inc., at 206 E. 9th Street, Suite 1300 Austin, Texas 78701.

5. Defendant Seadrill Gulf Operations Neptune LLC is corporation doing business in the State of Texas with its principal office in this state located in Harris County. Defendant may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Defendant Gulf Logistics LLC is a foreign corporation which maintains its principal place of business in Louisiana. On information and belief, this defendant does business in Texas within the meaning of the Texas Long Arm Statute, but does not maintain a registered agent for service of process. Defendant Gulf Logistics LLC may be served with process by serving the Texas Secretary of State, who then will forward process to 11828 Highway 1, Larose, Louisiana 70373; or wherever else Defendant Gulf Logistics LLC may be found.

7. Defendant Gulf Logistics Operating, Inc. is a foreign corporation which maintains its principal place of business in Louisiana. On information and belief, this defendant does business in Texas within the meaning of the Texas Long Arm Statute, but does not maintain a registered agent for service of process. Defendant Gulf Logistics Operating, Inc. may be served with process by serving the Texas Secretary of State, who then will forward process to 11828 Highway 1, Larose, Louisiana 70373; or wherever else Defendant Gulf Logistics Operating, Inc. may be found.

8. Defendant Gulf Logistics Services, LLC is a foreign corporation which maintains its principal place of business in Louisiana. On information and belief, this defendant does

business in Texas within the meaning of the Texas Long Arm Statute, but does not maintain a registered agent for service of process. Defendant Gulf Logistics Services, LLC may be served with process by serving the Texas Secretary of State, who then will forward process to 11828 Highway 1, Larose, Louisiana 70373; or wherever else Defendant Gulf Logistics LLC may be found.

9. Defendant Grand Isle Shipyard, LLC is a company doing business in Harris County, Texas. Defendant may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV. NATURE OF THE ACTION

10. This case is brought pursuant to 46 U.S.C. 688 *et seq.*, which is commonly known as the "Jones Act", as well as pursuant to general maritime law and the common law.

11. Plaintiff suffered serious and permanent injuries on or about May 24, 2017 when he was working as a seaman for Defendant aboard the vessel Maggie A, which was owned, operated, and/or managed by Defendants.

12. Plaintiff suffered serious and debilitating injuries to his head, neck, shoulder, back, knee, and other body parts when he was struck by a stringer and fell due to Defendants negligence and the vessel's unseaworthiness.

13. Defendants are negligent, negligent per se, and grossly negligent for the following reasons:

     a. Failure to maintain the vessel;

     b. Failure to maintain, inspect, and/or repair the vessel's equipment;

     c. Operating the vessel in an improper and unsafe manner;

     d. Failure to provide adequate medical treatment;

     e. Failure to provide adequate safety equipment;

f.   Failure to properly train employees;

g.   Failure to properly supervise crew;

h.   Failure to provide an adequate crew;

i.   Failure to properly supervise the job;

j.   Failure to properly perform the job;

k.   Vicariously liable for their employees' negligence and gross negligence;

l.   Other acts deemed negligent and grossly negligent.

14.   At all relevant times, the vessel was unseaworthy.

15.   As a result of Defendants negligence, Plaintiff sustained severe injuries, which resulted in physical pain, physical disfigurement, mental anguish, physical impairment, discomfort, and illness.   In all reasonable probability, Plaintiff's physical pain, physical impairment, physical disfigurement and mental anguish and distress will continue indefinitely. Plaintiff has also suffered a loss of earnings and loss of earning capacity in the past, as well as a loss of future earning capacity.   Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries.   Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this court, for which he now sues.

16.   Plaintiff is also entitled to punitive damages under the general maritime law because the aforementioned actions of Defendants were grossly negligent.   Defendants acted with flagrant and malicious disregard of Plaintiff's safety and health.   Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them.   Defendants acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.   Defendants had actual, subjective awareness of the risk, and consciously disregarded the risk.

17.    All conditions precedent have been performed or have occurred.

## V.    REQUEST FOR DISCLOSURE

18.    Plaintiff requests that Defendants timely disclose the information and materials required by Texas Rule of Civil Procedure 194.2(a)-(l).

## VI.  JURY DEMAND

19.    Plaintiff request a jury trial.

## VII.  RULE 193.7 NOTICE

20.    Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## VIII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation issue and be served upon Defendants requiring that Defendants answer and appear, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief to which Plaintiff is entitled, including but not limited to:

- Past and future medical damages;

- Past and future economic loss;

- Past and future pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Past and future maintenance and cure;

- Exemplary damages;

- Pre and post judgment interest;

- Costs of court.

MORROW & SHEPPARD LLP

/s/ John D. Sheppard

John D. Sheppard
State Bar No. 24051331
Nicholas A. Morrow
State Bar No. 24051088
Daniel E. Sheppard
State Bar No. 24103929
All E-Service to:
msfiling@morrowsheppard.com
jsheppard@morrowsheppard.com
nmorrow@morrowsheppard.com
dsheppard@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
Telephone:    (713) 489-1206
Facsimile:    (713) 893-8370

**Attorneys for Plaintiff**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 28, 2019

Certified Document Number:        85318901 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Cause No. 2019-34522

| | |
|---|---|
| Mark Flora, | In the District Court of |
| *Plaintiff,* | |
| v. | Harris County, Texas |
| Transocean Drilling (USA), Inc., et al., | |
| *Defendants.* | 234th Judicial District |

### Defendant Grand Isle Shipyard, LLC's Special Exceptions and Original Answer to Plaintiff's Original Petition

To the Honorable Judge of Said Court:

Come now defendant, Grand Isle Shipyard, LLC, and files its Special Exceptions and Original Answer to Plaintiff's Original Petition. Defendant would show unto the Honorable Court as follows:

### Background

Plaintiff is Mark Flora; defendants are Transocean Drilling (USA) Inc.; Seadrill Gulf Operations Neptune LLC; Gulf Logistics LLC; Gulf Logistics Operating, Inc.; Gulf Logistics Services, LLC; and Grand Isle Shipyard, LLC.

Plaintiff alleges that he is a Jones Act seaman that was injured as a result of the alleged negligence of defendants and the purported unseaworthiness of a vessel he claims he was working upon. Plaintiff also brings his claim under general maritime law.

### General Denial

The plaintiff has the burden in this case. He must prove his case to the jury with strict proof and by a preponderance of the evidence. Defendant, however, is not required to disprove plaintiff's case or specifically refute each and every one of his allegations. Defendant therefore generally denies the allegations in plaintiff's petition and demands that plaintiff prove his case to the jury.

## Special Exceptions

Defendant specially excepts to paragraph 11 of plaintiff's Original Petition as it fails to identify where geographically plaintiff's injury occurred.

Defendant specially excepts to paragraph 11 of plaintiff's Original Petition as it fails to identify which of the defendants plaintiff claims was his employer and which of the defendants he claims own, operated, or managed the Maggie A.

Defendant specially excepts to paragraph 12 and 15 of plaintiff's Original Petition as it fails to identify which of the defendants negligently caused his injuries.

Defendant specially excepts to paragraph 13 of plaintiff's Original Petition, including its discreet subparts as it fails to identify which of the defendants was negligent, negligent per se, and grossly negligent and for which of the 12 acts described in subparts (a.) through (l.).

Defendant specially excepts to paragraph 16 of plaintiff's Original Petition as it fails to identify which of the defendants were grossly negligent and of what extreme risks defendants were aware.

## Affirmative Defenses

As the Honorable Court and plaintiff are aware, defendant must expressly plead matters in avoidance, or affirmative defenses, as they may be considered waived come time of trial. Moreover, many courts impose a pleading deadline after which affirmative defenses may not be added without leave of court, even if supported by subsequently discovered evidence or testimony. To put it another way, defendant must plead a viable defense early or risk losing it later. To this end, the following affirmative defenses are plead in anticipation of their development through discovery.

1. *Failure to Sate a Claim.*

Defendant would show that plaintiff failed to state a cause of action upon which relief may be granted, and this lawsuit should therefore be dismissed with prejudice.

2. *Contributory Negligence*

Defendant would show that on the occasion in question, plaintiff failed to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances.

Certified Document Number: 85848892 - Page 2 of 7

Defendant alleges that some or all of the injuries suffered by plaintiff were the proximate result, in whole or in part, of plaintiff's own contributory negligence and that plaintiff's contributory negligence of 51 percent or greater bars plaintiff from recovery under Section 33.001 of the Texas Civil Practices & Remedies Code.

In the alternative, should plaintiff's degree of contributory negligence be assessed as 50 percent or less, any damages to which plaintiff is entitled should be reduced to account for plaintiff's degree of comparative fault in accordance with Chapter 33 of the Texas Civil Practices & Remedies Code.

### 3. *Acts of Third Parties*

Defendant would further show, in the alternative, that plaintiff's alleged injuries were proximately caused by, or contributed to by, the acts and/or omissions of third parties and/or instrumentalities not under the control of this defendant and for which this defendant is not legally responsible.

As a further defense, if such should be necessary, defendant invokes Sections 33.001, 33.003, and 33.012(a) of the Texas Civil Practice & Remedies Code as affirmative defenses to plaintiff's claims.

### 4. *Contribution/Indemnity/Comparative Responsibility*

For further answer and/or in the alternative, without waiving the foregoing, defendant asserts its right to contribution, indemnity, and comparative responsibility with respect to those parties whose negligence and/or fault is shown to be a proximate and/or producing cause of the occurrence in question pursuant to Chapters 32 and 33 of the Civil Practice and Remedies Code. To the extent plaintiff enters into a settlement with any other party, or collects judgment from any other party, defendant asserts its right to credit, offset, and reduction pursuant to the laws of the State of Texas.

### 5. *Failure to Mitigate*

As a further defense, if such should be necessary, defendant asserts that if plaintiff has suffered any damages, plaintiff has failed to mitigate such damages.

### 6. *New and Independent Cause*

Defendant would further show that any causal connection between defendant's alleged acts or omissions and the occurrence made the basis of this lawsuit is broken by a separate and independent agency, not reasonably

Certified Document Number: 85848892 - Page 3 of 7

foreseeable, which constitutes the immediate cause of the occurrence made the basis of this lawsuit.

### 7. *Sole Cause*

Defendant would further show that the acts or omissions of a person or entity not a party to this lawsuit was the sole proximate cause of the occurrence made the basis of this lawsuit.

### 8. *Pre-existing Injury or Condition*

Defendant would further show that plaintiff had previous injuries, exposures, or conditions which caused any damages sought in this lawsuit.

### 9. *Misrepresentation/Concealment of Material Facts*

If plaintiff alleges that this defendant was his employer, defendant would further show that Plaintiff intentionally misrepresented or concealed medical facts which were material to any hiring decision and which bear a nexus to the injuries complained of in the present suit.

### 10. *Seaman Status*

Defendant would further show that plaintiff was not a seaman and that he is not entitled to any remedy under the Jones Act, the doctrine of unseaworthiness, or the doctrine of maintenance and cure.

### 11. *Punitive Damages*

Defendant affirmatively and/or additionally invokes all limitations on punitive damages and prejudgment interest including those under the Texas Civil Practice and Remedies Code (§§ 41.007 and 41.008), the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, the Texas Constitution, and extant case law.

### 12. *Exclusive Remedy*

Defendant would further show that if plaintiff claims this defendant is his employer, plaintiff's exclusive remedy against defendant arises under the Longshore and Harbor Workers' Compensation Act or other workers' compensation statute.

Certified Document Number: 85848892 - Page 4 of 7

### 13. Paid vs. Incurred

Pleading further and in the alternative, defendant alleges and contends that, pursuant to §41.0105 of the Texas Civil Practice and Remedies Code, recovery of medical and health care related expenses, if any, should be limited to the amount actually paid or incurred.

### 14. Plaintiff's Failure to Substantiate Claim for Maintenance and Cure

Pleading further and in the alternative, defendant alleges and contends that, if plaintiff is a seamen and, therefore, within the class of persons to which the Doctrine of Maintenance and Cure applies, and if plaintiff alleges that this defendant is his employer, it is plaintiff's obligation to furnish defendant sufficient information so that a determination of plaintiff's entitlement to maintenance and cure may be properly and expeditiously made. Plaintiff has wholly and totally failed to furnish to defendant sufficient medical reports or other information substantiating his right, if any, to maintenance and cure in order to allow such a determination of entitlement.

### 15. Primary Duty Doctrine

Pleading further and in the alternative, defendant alleges and contends plaintiff was required to work and supervise work in a safe manner, which plaintiff failed to do, causing the incident made the basis of this litigation. Accordingly, under the General Maritime Law, plaintiff is the sole proximate cause of the incident, and defendant invokes the Primary Duty Doctrine to that effect.

## Rule 193.7 Notice to All Parties

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, defendant hereby gives notice to plaintiff and all other parties that all documents produced during discovery are intended to be used against plaintiff and those parties at trial without the necessity of authenticating those documents.

## Jury Demand

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, defendant demands a trial by jury. A jury fee is being paid at the time of filing.

## Prayer

Wherefore, premises considered, defendant requests plaintiff take nothing from Grand Isle Shipyard, LLC in this lawsuit, that this defendant be discharged, taking from plaintiff its costs expended in this matter, and that the Honorable Court grant such other and further relief to which defendant may be justly entitled, whether at law or in equity.

Respectfully submitted,

Brown Sims

Michael D. Williams
mwilliams@brownsims.com
Texas Bar No. 21564330
John G. H. Davis
jdavis@brownsims.com
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Tel. 713.629.1580
Fax 713.629.5027

*Attorneys for Defendant, Grand Isle Shipyard, LLC*

Certified Document Number: 85848892 - Page 6 of 7

**Certificate of Service**

I certify that on June 21, 2019, I served a copy of *Defendant Grand Isle Shipyards, LLC's Special Exceptions and Original Answer to Plaintiff's Original Petition* on the parties listed below by electronic service, and the electronic transmission was reported as complete. My email address is: jdavis@brownsims.com.

Mr. John D. Sheppard
Mr. Nicholas A. Morrow
Mr. Daniel E. Sheppard
Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
msfiling@morrowsheppard.com
jsheppard@morrowsheppard.com
nmorrow@morrowsheppard.com
dsheppard@morrowsheppard.com

*Attorneys for Plaintiff,*
*Mark Flora*

John G. H. Davis

Certified Document Number: 85848892 - Page 7 of 7



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 28, 2019

Certified Document Number:        85848892 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Certified Document Number: 85860973 - Page 1 of 8

CAUSE NO. 2019-34522

| | | |
|---|---|---|
| MARK FLORA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSOCEAN DRILLING (USA), INC., | § | |
| ET AL. | § | 234TH JUDICIAL DISTRICT |

## SEADRILL GULF OPERATIONS NEPTUNE, LLC'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Seadrill Gulf Operations Neptune, LLC ("Seadrill") and files its Original Answer to Plaintiff's Original Petition. In support thereof, Seadrill would respectfully show the following:

### A. GENERAL DENIAL

1. Seadrill generally denies the allegations in Plaintiff's Original Petition pursuant to Rule 92 of the Texas Rules of Civil Procedure, and Seadrill demands that Plaintiff be required to prove the charges and allegations against it by a preponderance of the evidence as required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

### B. VERIFIED DENIALS

2. Seadrill is not liable in the capacities sued. More particularly:

   a. Seadrill did not own, operate, manage or otherwise have responsibility for conditions onboard the *Maggie A* at the time of the alleged incident.

   b. Seadrill did not employ Plaintiff at the time of the alleged incident.

   c. Seadrill did not employ the crew of the *Maggie A* at the time of the alleged incident.

Seadrill will supplement with a declaration verifying the particulars of the foregoing.

23,455♦9PJAG6115

## C. FAILURE TO STATE A CLAIM

3.     Plaintiff's Original Petition fails to state a claim against Seadrill upon which relief can be granted because:

    a.     On April 17, 2018, the United States Bankruptcy Court for the Southern District of Texas ("the Bankruptcy Court") entered an order confirming a plan of reorganization under Chapter 11 of the United States Bankruptcy Code for Seadrill Limited and certain related entities, including Seadrill Gulf Operations Neptune, LLC, which became effective on July 2, 2018. Because Plaintiff's claims against Seadrill Gulf Operations Neptune, LLC arose before the Bankruptcy Court entered its Order confirming the Reorganization Plan and because Plaintiff did not file a proof of claim in the bankruptcy proceedings, Plaintiff's claims were all discharged upon confirmation of the Reorganization Plan. In light of the bankruptcy discharge, Seadrill Gulf Operations Neptune, LLC has a complete defense to all of Plaintiff's claims and Plaintiff is enjoined from continuing this action or collecting any award based on the discharged claims.

    b.     Plaintiff does not have a cause of action against Seadrill for the alleged unseaworthiness of the *Maggie A* because Seadrill did not own the *Maggie A*.

    c.     Plaintiff does not have a cause of action against Seadrill for alleged Jones Act negligence because Seadrill did not employ Plaintiff.

    d.     Plaintiff does not have a cause of action against Seadrill for gross negligence as a matter of law.

    e.     Plaintiff has failed to state a claim for negligence per se.

## D. IMPROPER VENUE

4.     Seadrill denies that venue is proper herein. The Reorganization Plan and Confirmation Order permanently enjoin all creditors of Seadrill from pursuing or attempting to collect upon any discharged claims outside of the Bankruptcy Court.

## E. OTHER DEFENSES

5.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff was not injured as alleged and has not suffered the damages and/or disabilities claimed herein.

Certified Document Number: 85860973 - Page 2 of 8

6.     For further answer, if such is necessary and without waiving the foregoing, Seadrill is not liable as alleged.

7.     For further answer, if such is necessary and without waiving the foregoing, the incident did not occur as alleged.

8.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Seadrill.

9.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused by Plaintiff's own contributory negligence/comparative fault for which Seadrill is not responsible.

10.     For further answer, if such is necessary and without waiving the foregoing, Seadrill denies that Plaintiff has a cause of action for alleged unseaworthiness because Plaintiff was not a member of the crew of the *Maggie A*.  Further, Seadrill denies that the *Maggie A* was unseaworthy as alleged.

11.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff does not have a cause of action against Seadrill for alleged Jones Act negligence because Seadrill did not employ Plaintiff at the time of the alleged incident.

12.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions unrelated to the alleged incident herein and for which Seadrill has no legal liability.

13.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the

negligence and/or breach of duty of third parties and/or by instrumentalities for which Seadrill is not legally responsible.

14. For further answer, if such is necessary and without waiving the foregoing, Plaintiff has not been injured and/or sustained damages to the extent alleged, and Plaintiff's ability to return to gainful employment has not been significantly diminished, if at all, by the alleged injury made the basis of suit herein.

15. For further answer, if such is necessary and without waiving the foregoing, Plaintiff has failed to mitigate his damages, if any.

16. For further answer, if such is necessary and without waiving the foregoing, Plaintiff's recovery of medical and/or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

17. For further answer, if such is necessary and without waiving the foregoing, if Seadrill is found liable to Plaintiff in any amount, Seadrill is entitled to a credit or set-off for any and all sums Plaintiff has received in the way of any and all settlements. In the alternative, Seadrill asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or Plaintiff.

## F. EXEMPLARY DAMAGES

18. Without waiving any other defenses and for further answer, Seadrill answers any allegations of malice and exemplary or punitive damages as follows:

a. Punitive damages are not available to a seaman for either alleged gross negligence or alleged unseaworthiness as a matter of law. *McBride v Estis Well Service*, 768 F.3d 382 (5th Cir. 2014) (en banc).

Certified Document Number: 85860973 - Page 4 of 8

b. Seadrill invokes and relies upon the limitations placed upon an award of exemplary damages as set forth in Texas Civil Practice & Remedies Code § 41.008. In the unlikely event that a verdict should be rendered which would otherwise result in a judgment in excess of that allowed by Texas Civil Practice & Remedies Code § 41.008, this Honorable Court should reduce and reform the judgment such that the caps and limitations set forth in Texas Civil Practice & Remedies Code § 41.008 are not exceeded.

c. In addition to the limitations and caps set forth above, Seadrill relies upon the entirety of Texas Civil Practice & Remedies Code § 41, including, but not limited to statutory provisions set forth providing for the proper clear and convincing burden of proof as to alleged punitive damages and/or for the appropriate definition of gross negligence to be submitted to the trier of fact.

d. In *Exxon Shipping Company v. Baker*, a maritime pollution case, the United States Supreme Court held that an award of exemplary and/or punitive damages must be capped and/or limited to a 1:1 or less ratio to compensatory damages. While denying that punitive damages are available to Plaintiff in this matter, any award of exemplary and/or punitive damages that is not capped and/or limited to a 1:1 or less ratio to compensatory damages violates Seadrill's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

e. Plaintiff's claim for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Seadrill's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution.

Certified Document Number: 85860973 - Page 5 of 8

f.      Plaintiff's claim for malice and punitive or exemplary damages should be proved beyond a reasonable doubt.

g.      Exemplary or punitive damages cannot be awarded against Seadrill, because, in part, Seadrill will be placed twice in jeopardy for the same alleged conduct in violation of the United States and Texas Constitutions.

h.      Plaintiff's claim for malice and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment.

i.      Plaintiff's claim for malice and punitive or exemplary damages against Seadrill should be determined only by Seadrill's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

j.      Plaintiff's claim for malice and exemplary or punitive damages must be assessed by the unanimous verdict of all twelve jurors.

k.      Plaintiff's claim for malice and exemplary or punitive damages should not be assessed, in part, because defendants who are subject to exemplary or punitive damages do not have the right to refuse to testify against themselves, but in fact must take the stand and/or give deposition testimony or otherwise subject themselves to the consequences of a default judgment.

l.      Plaintiff's claim for malice and exemplary or punitive damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards and, therefore, the standard is unduly vague and does not meet the requirements of due process.

Certified Document Number: 85860973 - Page 6 of 8

m.     Seadrill is subjected to all the hazards and risks of what amounts to a fine with respect to Plaintiff's claim for malice and exemplary or punitive damages, but Seadrill receives none of the basic rights afforded to a criminal defendant when being subjected to possible criminal penalties.

n.     There can be no award for punitive or exemplary damages, because, at a minimum, Seadrill exercised some care, and in fact was not even negligent.

o.     Allowing the recovery of exemplary or punitive damages, if any, within a cap provided under the Texas Civil Practice and Remedies Code is arbitrary, unreasonable, and excessive, and in violation of the United States and Texas Constitutions.

## G.  DISCOVERY LEVEL

19.     Seadrill denies that discovery should be conducted pursuant to Level 2 of Texas Rule of Civil Procedure 190 as alleged.  Rather, discovery should be conducted pursuant to Level 3 and the Court should enter a discovery plan tailored to the circumstances of this case.

## H.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Seadrill Gulf Operations Neptune, LLC prays that all of Plaintiff's claims against it be dismissed, or in the alternative upon final hearing, judgment be entered that Plaintiff take nothing by this suit against Seadrill Gulf Operations Neptune, LLC, and that Seadrill Gulf Operations Neptune, LLC be awarded its costs incurred in the defense of this action, and all other and further relief to which Seadrill Gulf Operations Neptune, LLC may be entitled.

Certified Document Number: 85860973 - Page 7 of 8

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

*/s/ Robert L. Klawetter*

Robert L. Klawetter
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Defendant,*
*Seadrill Gulf Operations Neptune, LLC*

## CERTIFICATE OF SERVICE

I certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I served a true and correct copy of the foregoing Answer to all counsel of record on this the **24th** day of **June, 2019**.

*Via Electronic Filing System*
John D. Sheppard
Nicholas A. Morrow
Daniel E. Sheppard
Morrow & Sheppard LLP
3701 Kirby Dr., Ste. 1000
Houston, Texas 77098

*/s/ Robert L. Klawetter*

Robert L. Klawetter

Certified Document Number: 85860973 - Page 8 of 8



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 28, 2019

Certified Document Number:        85860973 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**