UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:19-CV-2328 |
| | § | |
| TRANSOCEAN DRILLING (USA), | § | |
| INC., ET.AL. | § | |
| *Defendants*. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff files this First Amended Complaint against Transocean Drilling
(USA), Inc.; Gulf Logistics LLC; Gulf Logistics Operating LLC; Gulf Logistics
Services LLC; Grand Isle Shipyard, LLC, and LLOG Holdings LLC, and would
respectfully show the Court as follows:

### I.    JURISDICTION & VENUE

1.    This Court has jurisdiction over this matter pursuant to Outer
Continental Shelf Lands Act (OCSLA) 43 U.S.C. § 1331 *et seq*. and/or under general
maritime law.

2.    This Court has venue over this case pursuant to 28 U.S.C. § 1446(a) as
this is the district and division within which the removed action had been pending.

## II.   PARTIES

1.      Plaintiff is an American seaman and is a resident of Texas.

2.      Defendant Transocean Drilling (USA) Inc. is corporation doing business in the State of Texas with its principal office in this state located in Harris County.  Defendant may be served with process by serving its registered agent, Capitol Corporate Services, Inc., at 206 E. 9th Street, Suite 1300 Austin, Texas 78701.

3.      Defendant Gulf Logistics LLC is a foreign corporation which maintains its principal place of business in Louisiana.   On information and belief, this defendant does business in Texas within the meaning of the Texas Long Arm Statute but does not maintain a registered agent for service of process.  Defendant Gulf Logistics LLC may be served with process by serving the Texas Secretary of State, who then will forward process to 11828 Highway 1, Larose, Louisiana 70373; or wherever else Defendant Gulf Logistics LLC may be found.

4.      Defendant Gulf Logistics Operating, Inc. is a foreign corporation which maintains its principal place of business in Louisiana.  On information and belief, this defendant does business in Texas within the meaning of the Texas Long Arm Statute but does not maintain a registered agent for service of process.  Defendant Gulf Logistics Operating, Inc. may be served with process by serving the Texas Secretary of State, who then will forward process to 11828 Highway 1, Larose,

Louisiana 70373; or wherever else Defendant Gulf Logistics Operating, Inc. may be found.

5.     Defendant Gulf Logistics Services, LLC is a foreign corporation which maintains its principal place of business in Louisiana.  On information and belief, this defendant does business in Texas within the meaning of the Texas Long Arm Statute but does not maintain a registered agent for service of process.  Defendant Gulf Logistics Services, LLC may be served with process by serving the Texas Secretary of State, who then will forward process to 11828 Highway 1, Larose, Louisiana 70373; or wherever else Defendant Gulf Logistics LLC may be found.

6.     Defendant Grand Isle Shipyard, LLC is a company doing business in Harris County, Texas.   Defendant may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.     Defendant LLOG Holdings LLC is a foreign corporation which maintains its principal place of business in Louisiana.  On information and belief, this defendant does business in Texas within the meaning of the Texas Long Arm Statute but does not maintain a registered agent for service of process.  Defendant LLOG Holdings LLC may be served with process by serving the Texas Secretary of State, who then will forward process to 1001 Ochsner Blvd., Suite 200, Covington, Louisiana 70433; or wherever else Defendant LLOG Holdings LLC may be found.

### III. FACTS

8.     This case is brought pursuant to 46 U.S.C. 688 *et seq*., which is commonly known as the "Jones Act", as well as pursuant to general maritime law and the common law.

9.     Plaintiff suffered serious and permanent injuries on or about May 24, 2017 when he was working as a seaman for Defendant Gulf Logistics, LLC, Defendant Gulf Logistics Operating, Inc., and/or Defendant Gulf Logistics Services, LLC, (collectively referred to as "Defendants Gulf Logistics") aboard the vessel *Maggie A*, which was owned, operated, and/or managed by Defendant Gulf Logistics, LLC, Defendant Gulf Logistics Operating, Inc., and/or Defendant Gulf Logistics Services, LLC.

10.     Upon information and belief, Defendant LLOG Holdings LLC ("Defendant LLOG") provided personnel and services at the *West Neptune*, and had responsibility for operations and safety at the *West Neptune* and responsibility for activities involving the *West Neptune*. At the time of the incident, the *West Neptune* was in the process of loading/unloading the *Maggie A's* cargo onto the *West Neptune* via crane and associated equipment.

11.     Defendant Grand Isle Shipyard, LLC ("Grand Isle") was the operator and/or involved in the loading of vessels at the dock, including the *Maggie A*. On information and belief, cargo was improperly loaded onto the *Maggie A,* which

affected unloading operations. Due to Defendant Grand Isle Shipyard, LLC's improper loading of the vessel *Maggie A*, Plaintiff was seriously injured.

12. Plaintiff suffered serious and debilitating injuries to his head, neck, shoulder, back, knee, and other body parts when struck by a heavy "headache" ball or similar equipment attached to an inadequately-sized and improperly-operated stinger and attached to an improperly-operated crane being used to lift cargo that had been improperly loaded at the dock and which was being unloaded during conditions that were unsafe for the operation. Further, the vessels were improperly operated, supervised, and staffed for the work being performed and the conditions present.

13. Defendant Gulf Logistics, Defendant Gulf Logistics Operating, Defendant Gulf Logistics Services, Defendant LLOG, and/or Defendant Grand Isle, are negligent, negligent per se, grossly negligent, and violated the applicable standards of care and laws for the following reasons:

      a. Failure to properly load the vessel;

      b. Failure to properly maintain the vessels;

      c. Failure to properly operate the vessels;

      d. Failure to properly maintain, inspect, and/or repair the vessels' equipment;

      e. Utilizing improper tools and equipment;

      f. Operating the vessels in an improper and unsafe manner;

g. Failure to provide adequate medical treatment and maintenance and cure;

h. Failure to provide adequate safety equipment;

i. Failure to properly train employees;

j. Failure to properly supervise crew;

k. Failure to provide an adequate crew;

l. Failure to properly supervise the job;

m. Failure to properly perform the job;

n. Vicariously liable for their employees' negligence and gross negligence; Other acts deemed negligent and grossly negligent.

14.    At all relevant times, the vessels were unseaworthy.

15.    As a result of Gulf Logistics, Defendant Gulf Logistics Operating, Defendant Gulf Logistics Services, Defendant LLOG, and/or Defendant Grand Isle's improper acts and omissions, Plaintiff sustained severe injuries, which resulted in physical pain, physical disfigurement, mental anguish, physical impairment, discomfort, and illness. In all reasonable probability, Plaintiff's physical pain, physical impairment, physical disfigurement and mental anguish and distress will continue indefinitely. Plaintiff has also suffered a loss of earnings and loss of earning capacity in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in

connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this court, for which he now sues.

16. Plaintiff is also entitled to punitive damages under the general maritime law because the aforementioned actions of Gulf Logistics, Defendant Gulf Logistics Operating, Defendant Gulf Logistics Services, Defendant LLOG, and/or Defendant Grand Isle were grossly negligent. Defendants Gulf Logistics, Gulf Logistics Operating, Gulf Logistics Services, LLOG, and/or Grand Isle acted with flagrant and malicious disregard of Plaintiff's safety and health. Defendants Gulf Logistics, Gulf Logistics Operating, Gulf Logistics Services, LLOG, and/or Grand Isle were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries but did nothing to rectify them. Defendants Gulf Logistics, Gulf Logistics Operating, Gulf Logistics Services, LLOG, and/or Grand Isle's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants Gulf Logistics, Gulf Logistics Operating, Gulf Logistics Services, LLOG, and/or Grand Isle had actual, subjective awareness of the risk, and consciously disregarded the risk.

17. All conditions precedent have been performed or have occurred.

## IV. INTEREST

18. Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## V.  JURY DEMAND

19.     Plaintiff request a jury trial.

## VI.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the summons issue and be served upon Defendants requiring that Defendants answer and appear, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief to which Plaintiff is entitled, including but not limited to:

- Past and future medical damages;

- Past and future economic loss;

- Past and future pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Past and future maintenance and cure;

- Exemplary damages;

- Pre and post judgment interest;

- Costs of court.

**MORROW & SHEPPARD LLP**

/s/ John D. Sheppard
_____

John D. Sheppard (Attorney-In-Charge)
Fed Bar No. 635193
State Bar No.  24051331
*jsheppard@morrowsheppard.com*
Nicholas A. Morrow
Fed Bar No. 611443
State Bar No.  24051088
*nmorrow@morrowsheppard.com*
Daniel E. Sheppard
Fed Bar No. 3120079
State Bar No.  24103929
*dsheppard@morrowsheppard.com*
3701 Kirby Dr, Suite 1000
Houston, TX  77098
T:  (713) 489-1206
F:  (713) 893-8370
***ATTORNEYS FOR PLAINTIFF***

All E-Service to:
*msfiling@morrowsheppard.com*