UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | CIVIL ACTION NO.: 4:19-CV-02328 |
| | § | |
| V. | § | JURY REQUESTED |
| | § | |
| TRANSOCEAN DRILLING (USA), | § | |
| INC., ET AL. | § | |

## ANSWER OF LLOG EXPLORATION OFFSHORE, L.L.C. WITH JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes LLOG EXPLORATION OFFSHORE, L.L.C., erroneously named in Plaintiff's First Amended Complaint as LLOG Holdings LLC (hereafter sometimes referred to as "LLOG" or "Defendant") for answer to the First Amended Complaint of Plaintiff, Mark Flora (hereafter "Plaintiff's Amended Complaint"), respectfully asserts the following:

### I. GENERAL DENIAL

1. Venue is improper or alternatively represents an inconvenient forum. FRCP 12(b)(3).

2. Plaintiff fails to state a claim upon which relief may be granted. FRCP 12(b)(6).

3. Subject to the foregoing and without waiving the same, Defendants deny each and every allegation of Plaintiff's Complaint, except those which are admitted or modified below.

## II. ANSWER

4. The allegations of Paragraph I(1) of Plaintiff's Amended Complaint set forth conclusions of law that require no response, though should a response be deemed necessary, denied.

5. The allegations of Paragraph I(2) of Plaintiff's Amended Complaint set forth conclusions of law that require no response, though should a response be deemed necessary, denied. Further, pursuant to 28 U.S.C. 1404, Defendant further denies that this Court is a convenient forum for this action.

6. The allegations of Paragraph II(1) of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

7. The allegations of Paragraph II(2) of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

8. The allegations of Paragraph II(3) of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

9. The allegations of Paragraph II(4) of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

10. The allegations of Paragraph II(5) of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

11. The allegations of Paragraph II(6) of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

12. The allegations of Paragraph II(7) of Plaintiff's Amended Complaint are denied.

13. The allegations of Paragraph III(8) of Plaintiff's Amended Complaint set forth conclusions of law that require no response, though should a response be deemed necessary, denied.

14. The allegations of Paragraph III(9) of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

15. Except to admit that LLOG Exploration Offshore, L.L.C. is a foreign company that maintains a principal place of business in Louisiana, Paragraph III(10) of Plaintiff's Amended Complaint are denied.

16. The allegations of Paragraph III(11) of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

17. The allegations of Paragraph III(12) of Plaintiff's Amended Complaint are denied.

18. As respects LLOG, the allegations of Paragraph III(13) of Plaintiff's Amended Complaint are denied. Otherwise, Defendant denies the remaining allegations for lack of knowledge or information sufficient to justify a belief therein.

19. The allegations of Paragraph III(14) of Plaintiff's Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief therein.

20. The allegations of Paragraph III(15) of Plaintiff's Amended Complaint are denied with respect to LLOG, and denied for lack of sufficient information as the other named Defendants. LLOG denies the extent of injuries alleged by Plaintiff.

21. The allegations of Paragraph III(16) of Plaintiff's Amended Complaint are denied. Defendant denies Plaintiff was injured or damaged as alleged and that he is entitled to punitive damages as alleged.

22. The allegations of Paragraph III(17) of Plaintiff's Amended Complaint are denied.

23. The allegations of Paragraph IV(18) of Plaintiff's Amended Complaint are denied.

24. With respect to Paragraph IV(19) of Plaintiff's Amended Complaint, Defendant also requests a trial by jury on all issues.

25. The unnumbered paragraph in section VI of Plaintiff's Complaint constitutes a prayer for relief and requires no response on behalf of Defendant; however, to the extent the Court requires a response, said allegations are denied. Defendant denies it is liable to Plaintiff under any legal theory and deny that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

26. LLOG, as time charterer of the drillship Seadrill West Neptune and the supply vessel M/V Maggie A, owed no duty to Plaintiff and/or did not breach any duty owed under general maritime law. *Kerr-McGee v. Ma-Ju Marine Servs., Inc.*, 830 F.2d 1332, 1338-39 (5th Cir. 1987); *Hodgen v. Forest Oil Corp.*, 87 F.3d 1512, 1517(5th Cir. 1996)

27. Defendant avers that if Plaintiff sustained injuries and/or damages in the manner alleged in Plaintiff's Amended Complaint, which is at all times specifically denied, then the alleged injuries and/or damages were sustained not as a result of any breach, neglect, breach of warranty (express or implied), or want of due care on the part of Defendant nor anyone for whose conduct Defendant is in any way responsible.

28. In the alternative, if it should be found that there was any negligence or fault on the part of the Defendant, which is at all times denied, it is alternatively pled that Plaintiff assumed the risk of his conduct and/or was guilty of contributory/comparative negligence which bars and in the further alternative mitigates and/or reduces all claims and damages herein, if any damages are warranted, which is also at all times denied.

29. In the alternative, and if the facts so warrant, Defendant avers that any injuries, damages, or disabilities of Plaintiff are the result of physical or mental conditions that pre-existed or were subsequently occurring to the incident made the basis of this lawsuit and occurred in the normal progression of these pre-existing or subsequently occurring conditions, or were due to causes or conditions not related to the incident made the basis of this lawsuit.

30. In the alternative, Defendant expressly pleads that Plaintiff has failed to mitigate his damages, should he have any damages, and should the facts warrant.

31. In the alternative, Defendant contends that the injuries and/or damages complained of by Plaintiff are related to incidents or events unrelated to the event on which his lawsuit is based and/or are caused by third parties.

32. In the alternative, Defendant avers that Plaintiff has, or in the event he receives, any payments from any and all other persons responsible for damages on his behalf, Defendant is entitled to and prays for a credit or offset of all such monies paid to or on behalf of Plaintiff, for those payments received from any source whatsoever.

33. In the alternative, and only to the extent that it is held that Plaintiff has claims or causes of action for punitive or exemplary damages, which is at all times denied, Defendant pleads that the award of punitive and/or exemplary damages violates Article 1 Section 10, the Eighth Amendment, the Fourteenth Amendment, the due process and equal protection clauses, and/or the excessive fines clause of the U.S. Constitution.

34. Defendant contends that, pursuant to 28 U.S.C. §1404, this Court is not the most convenient forum for this action.

35. Defendant prays for a trial by jury on all issues.

WHEREFORE, premises considered, Defendant, LLOG EXPLORATION OFFSHORE, L.L.C., prays that this Answer be deemed good and sufficient and that after all legal delays and due proceedings had, there be judgment in favor of LLOG EXPLORATION OFFSHORE, L.L.C., dismissing the claims of Plaintiff, Mark Flora, with prejudice at his sole cost. Defendant further prays for a trial by jury on all issues, and for all just and equitable relief, etc.

Respectfully submitted,

**JONES WALKER LLP**

MICHAEL G. LEMOINE, Attorney in Charge (*pro hac vice* to be filed)
600 Jefferson Street, Suite 1600
Lafayette, LA 70501
Telephone: (337) 593-7607
Facsimile: (337) 593-7601
Email:mlemoine@joneswalker.com

and

*/s/ Daniel J. Baldwin*_____

Daniel J. Baldwin, Of Counsel
State Bar No.: 24078184
S.D. Texas No. 1902695
811 Main, Suite 2900
Houston, Texas 77002
Telephone: (713) 437-1805
Facsimile: (713) 437-1810
Email: dbaldwin@joneswalker.com

***ATTORNEYS FOR DEFENDANT LLOG EXPLORATION OFFSHORE, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notification of electronic filing to all known counsel of record.

*/s/ Daniel J. Baldwin*_____
Daniel J. Baldwin