In the United States District Court
for the Southern District of Texas,
Houston Division

| | |
|---|---|
| Mark Flora,<br><br>    *Plaintiff*,<br><br>v.<br><br>Transocean Drilling (USA), Inc., *et al*,<br><br>    *Defendants*. | Civil Action No:<br>4:19-cv-02328<br>Jury Requested |

## Defendant Grand Isle Shipyard, LLC's
## Motion for Leave to File Amended Answer

To the Honorable Judge David Hittner:

Defendant Grand Isle Shipyard, LLC ("GIS") files its Motion for Leave to File Amended Answer. In support of same, GIS would show unto the Honorable Court as follows:

1.   Plaintiff filed his Original Petition in Harris County state court against GIS and the other Defendants[1] on or about May 17, 2019. Plaintiff alleges that he was injured during an offloading of the Maggie A onto the West Neptune, a drillship that was working offshore in the United States Gulf of Mexico at the time of the alleged incident made the basis of this lawsuit and was temporarily connected to the Outer Continental Shelf of the United States of America.[2]

2.   GIS timely filed its Special Exceptions and Original Answer to

---

[1] Defendants initially were Transocean Drilling (USA) Inc.; Seadrill Gulf Operations Neptune LLC; Gulf Logistics LLC; Gulf Logistics Operating, Inc.; Gulf Logistics Services, LLC; and Grand Isle Shipyard, LLC. Transocean and Gulf Logistics Services, LLC, have never made an appearance in this matter, and Seadrill was dismissed with prejudice (See ECF No. 22).

[2] *See* ECF No. 1, Notice of Removal by Grand Isle Shipyard, LLC and Seadrill Gulf Operations Neptune LLC, at ¶ 3.

Plaintiff's Original Petition in Texas state court on or about June 21, 2019.

3. GIS and Seadrill Gulf Operations Neptune, LLC, then timely removed this matter to federal court on or about June 28, 2019. The basis of the removal was under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349(b)(1).[3]

4. Plaintiff filed his First Amended Complaint on or about October 25, 2019,[4] adding LLOG Holdings, LLC as a party.

5. GIS now seeks leave to file an Amended Answer to reflect the current pleading and to amend its affirmative defenses to accurately reflect provisions in Louisiana law, which would be the controlling law under OCSLA. In the process, GIS would like to amend its answer to conform with federal pleadings guidelines.

6. The proposed Answer is attached to this Motion as Exhibit 1 and is incorporated for all intents and purposes.

7. The original Rule 16 Scheduling Order required amended pleadings, with leave of court, to be filed by October 25, 2019.[5] However, because Plaintiff's First Amended Pleading was not filed until that date, it was impossible for GIS to comply with that deadline.

8. The current Scheduling Order does not have a date for amended pleadings; however, the current Motion Cut-Off date is October 30,

---

[3] 43 U.S.C. § 1349(b)(1) states:

> Except as provided in subsection (c) of this section, the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals, or (B) the cancellation, suspension, or termination of a lease or permit under this subchapter. Proceedings with respect to any such case or controversy may be instituted in the judicial district in which any defendant resides or may be found, or in the judicial district of the State nearest the place the cause of action arose.

[4] *See* ECF No. 25.
[5] *See* ECF No. 18.

2020,[6] although the Parties have jointly moved for a continuance and amended Scheduling Order, with a proposed new deadline of May 3, 2021.[7]

8.  Counsel for other Defendants have indicated that they are unopposed to this Motion. Counsel for GIS has discussed this Motion with Plaintiff's counsel and provided the motion for his review, but has not received a response as to whether he is opposed or unopposed at this time.

## Prayer

Wherefore, premises considered, Grand Isle Shipyard, LLC, asks the Honorable Court to enter an Order granting it permission to file its Amended Answer, and to accept the pleading, attached as Exhibit 1, as GIS's Amended Answer.

*[Signature Block on the Following Page]*

---

[6] *See* ECF No. 36.
[7] *See* ECF No. 40.

Respectfully submitted,

Brown Sims,

<u>/s/Michael D. Williams</u>
Michael D. Williams
Texas Bar No. 21564330
Federal ID No. 6982
*mwilliams@brownsims.com*
1177 West Loop South, 10th Floor
Houston, Texas 77027
Tel. 713.629.1580
Fax 713.629.5027

*Attorney in Charge for Defendant, Grand Isle Shipyard, LLC*

of Counsel:

John G. H. Davis
Texas Bar No. 24012507
Federal ID No. 24428
*jdavis@brownsims.com*

Melanie G. Fordyce
Texas Bar No. 24067602
Federal I.D. No. 1179595
*mfordyce@brownsims.com*

Brown Sims
1177 West Loop South, 10th Floor
Houston, Texas 77027
Tel. 713.629.1580
Fax 713.629.5027

## Certificate of Conference

I hereby certify that I have conferred with other counsel of record on this motion. Counsel for other Defendants have indicated that they are unopposed to this Motion. Counsel for GIS has discussed this Motion with Plaintiff's counsel and provided the motion for his review, but has not received a response as to whether he is opposed or unopposed at this time.

       /s/Melanie G. Fordyce

## Certificate of Service

I hereby certify that on October 30, 2020, I electronically served the foregoing with all parties of record pursuant to the Federal Rules of Civil Procedure.

       /s/Melanie G. Fordyce