In the United States District Court
for the Southern District of Texas,
Houston Division

| | |
|---|---|
| Mark Flora,<br><br>    *Plaintiff*,<br><br>v.<br><br>Transocean Drilling (USA), Inc., *et al*,<br><br>    *Defendants*. | Civil Action No:<br>4:19-cv-02328<br>Jury Requested |

## Defendant Grand Isle Shipyard, LLC's
## Amended Original Answer

To the Honorable Judge David Hittner:

    Defendant Grand Isle Shipyard, LLC ("GIS") files its Amended Original Answer. In support of same, GIS would show unto the Honorable Court as follows:

### I. Admissions & Denials – Jurisdiction & Venue

    1.1.    GIS admits that this Court has jurisdiction over this matter pursuant to Outer Continental Shelf Lands Act (OCSLA) 43 U.S.C. § 1331 et seq., as alleged in Section I, Paragraph 1. To the extent that other information requires admissions or denials, GIS denies.

    1.2.    GIS admits that venue in this district and division is appropriate, as alleged in Section I, Paragraph 2.

EXHIBIT 1

## II. Admissions & Denials – Parties and Facts

2.1.   GIS is without enough information to admit or deny that Plaintiff is an American seaman, as alleged in Paragraph 1.  Upon information and belief, GIS admits that Plaintiff is a resident of Texas.

2.2.   GIS is without enough information to admit or deny the information regarding Transocean Drilling (USA), Inc., as alleged in Paragraph 2.  To the extent that the statements require admissions or denials, GIS denies.

2.3.   GIS is without enough information to admit or deny the information regarding Gulf Logistics, LLC, as alleged in Paragraph 3.  To the extent that the statements require requires admissions or denials, GIS denies.

2.4.   GIS is without enough information to admit or deny the information regarding Gulf Logistics Operating, Inc., as alleged in Paragraph 4.  To the extent that the statements require admissions or denials, GIS denies.

2.5.   GIS is without enough information to admit or deny the information regarding Gulf Logistics Services, LLC, as alleged in Para-

graph 5. To the extent that the statements require admissions or denials, GIS denies.

2.6. GIS admits that it is a company doing business in Harris County, Texas, and its registered agent is CT Corporation, as alleged in Paragraph 6.

2.7. GIS is without enough information to admit or deny the information regarding LLOG Holdings, LLC, as alleged in Paragraph 7. To the extent that the statements require requires admissions or denials, GIS denies.

2.8. GIS admits that Plaintiff alleges his claims were brought under the Jones Act, as well as pursuant to general maritime law and the common law, as alleged in Paragraph 8. GIS denies that Plaintiff is entitled to seek relief under those statutes.

2.9. GIS denies that Plaintiff suffered serious and permanent injuries on or about May 24, 2017, as alleged in Paragraph 9. GIS is without enough information to admit or deny whether he was working as a seaman for any of the entities or aboard the vessel *Maggie A*. To the extent that any other statements require admissions or denials, GIS denies.

2.10. GIS is without enough information to admit or deny whether LLOG "provided personnel and services at the *West Neptune*, and had responsibility for operations and safety at the *West Neptune* and responsibility for activities involving the *West Neptune*," as alleged in Paragraph 10.  GIS is without enough information to admit or deny whether the *West Neptune* was in the process of loading/unloading the *Maggie A's* cargo onto the *West Neptune* via crane and associated equipment.  To the extent that such statements require admissions or denials, GIS denies.

2.11.  GIS denies that it was the operator and/or involved in the loading of the vessels at the "dock," including the Maggie A, as alleged in Paragraph 11.  GIS further denies that the cargo was improperly loaded onto the Maggie A, and that such loading affected unloading operations.  GIS denies that improperly loaded the vessel Maggie A, that Plaintiff was seriously injured, and that the "improper loading" caused Plaintiff's alleged injuries.

2.12.  GIS denies that Plaintiff suffered serious and debilitating injuries when he was struck by a heavy "headache" ball or similar

equipment, as alleged in Paragraph 11.  GIS further denies that equipment was inadequately sized, improperly operated, and attached to an improperly operated crane.   GIS denies that the vessels were "improperly operated, supervised, and staffed for the work being performed and the conditions present," as alleged in Paragraph 12.

2.13.  GIS denies that it was negligent, negligent per se, grossly negligent, and violated the applicable standards of care, as alleged in Paragraph 13.   Furthermore:

a. GIS denies that it failed to properly load the vessel;
b. GIS denies that it failed to properly maintain the vessels, or had any duty to do so;
c. GIS denies that it operated the vessels;
d. GIS denies that it was responsible for maintaining, inspecting and/or repairing the vessels' equipment;
e. GIS denies that it utilized improper tools and equipment;
f. GIS again denies that it operated the vessels, including that it operated the vessels in an improper and unsafe manner;
g. GIS denies that it had a responsibility to provide adequate medical treatment and maintenance and cure;

 h. GIS denies that it failed to provide adequate safety equipment;

 i. GIS denies that it failed to properly train employees;

 j. GIS denies that it failed to properly supervise crew;

 k. GIS denies that it failed to provide an adequate crew;

 l. GIS denies that it failed to properly supervise the job;

 m. GIS denies that it failed to properly perform the job; and

 n. GIS denies that it is vicariously liable for its employees' negligence and gross negligence. GIS denies that it has committed "other acts" deemed negligent and grossly negligent.

2.14. GIS denies that the vessels were unseaworthy, or that it had any duty to insure the vessels' seaworthiness, as alleged in Paragraph 14.

2.15. GIS denies that it committed any improper acts or omissions; that Plaintiff suffered severe injuries, and that those injuries resulted in physical disfigurement, mental anguish, physical impairment, discomfort, and illness, as alleged in Paragraph 15. Additionally, GIS denies that Plaintiffs physical pain, physical impairment, physical disfigurement and mental anguish, and distress will continue indefinitely. GIS also denies that Plaintiff has also suffered a loss of earnings

and loss of earning capacity in the past, as well as a loss of future earning capacity. GIS further denies that Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries. GIS denies that Plaintiff has been damaged in any way.

2.16. GIS denies that Plaintiff is entitled to punitive damages under the general maritime law, and that GIS was grossly negligent, as alleged in Paragraph 16. GIS denies that it acted with "flagrant and malicious disregard of Plaintiff's safety and health," as alleged in Paragraph 16. GIS further denies that it was "subjectively aware of the extreme risk posed by the conditions which caused Plaintiffs injuries but did nothing to rectify them." GIS denies that its acts or omissions "involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others." GIS denies that it had "actual, subjective awareness of the risk, and consciously disregarded the risk."

2.17. GIS denies that all conditions precedent have been performed or have occurred, as alleged in Paragraph 17.

2.18. GIS denies that Plaintiff is entitled to pre-judgment and

post-judgment interest, as alleged in Paragraph 18.

2.19. The statements in Paragraph 19 regarding a jury trial do not require an admission or a denial.

2.20. The unnumbered paragraph in section VI of Plaintiff's Complaint constitutes a prayer for relief and requires no response on behalf of GIS; however, to the extent the Court requires a response, said allegations are denied. GIS denies it is liable to Plaintiff under any legal theory and deny that Plaintiff is entitled to the requested relief.

### III. Affirmative Defenses

3.1.   GIS pleads, that, if it be found that Plaintiff sustained injuries or damages as alleged, which is expressly denied, then said injuries or damages resulted from the negligence or fault of others.

3.2.   GIS pleads the applicability of Louisiana Civil Code articles 2323 and 2324 and all rights, privileges, and remedies afforded or available to it pursuant to same as an affirmative defense to the extent that the damages claimed by Plaintiff are attributable to negligence or fault of others for whose actions GIS is not liable.

3.3.   GIS asserts the limitation on the recovery of medical and health care expenses set forth in Louisiana Civil Code article 2315 and

*Hoffman v. 21st Century North American Ins. Co.*, 14-2279 (La. 10/2/15), 209 So.3d 702, and its progeny. Plaintiff's recovery is limited to those expenses actually paid or incurred.

    3.4.   Pleading further and without waiving the foregoing, that, if it be found that Plaintiff, was injured, which is expressly denied, then said accident and injuries were caused and/or contributed to by the separate and individual fault and/or comparative negligence of Plaintiff. GIS would show that on the occasion in question, plaintiff failed to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances

    3.5.   GIS asserts the limitations on the recovery of damages for loss of earnings set forth under Louisiana law.

    3.6.   Pleading further and without waiving the foregoing, GIS invokes its legal right to a reduction of any monetary verdict which may be rendered in this case by credit for payments made to Plaintiff by other persons and/or entities, or by the percentage reductions to which GIS would be entitled as a result of the jury findings against Plaintiff, co-defendants, responsible third parties, or any other persons or entities. GIS further reserves the right to submit issues against parties who

may be present or absent from this case at the time the matter is submitted to the jury for fact determinations.

3.7. As a further defense, if such should be necessary, GIS asserts that if Plaintiff has suffered any damages, which GIS denies, Plaintiff has failed to mitigate such damages.

3.8. GIS would further show that any causal connection between defendant's alleged acts or omissions and the occurrence made the basis of this lawsuit is broken by a separate and independent agency, not reasonably foreseeable, which constitutes the immediate cause of the occurrence made the basis of this lawsuit.

3.9. GIS would further show that the acts or omissions of a person or entity not a party to this lawsuit was the sole proximate cause of the occurrence made the basis of this lawsuit.

3.10. GIS would further show that plaintiff had previous injuries, exposures, or conditions which caused any damages sought in this lawsuit.

3.11. Without waiving the foregoing, GIS pleads that punitive damages are not allowed by law in this personal injury matter, as they are not expressly allowed under any Louisiana civil statute.

3.12.  For further answer and/or in the alternative, without waiving the foregoing, GIS specifically denies Plaintiff's allegations of gross negligence and will demand strict proof thereof at the time of trial.

3.13.  GIS invokes the protections of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and its Louisiana counterparts with respect to Plaintiff's claims for exemplary damages.

3.14.  GIS pleads the affirmative defense of statute of limitations, and asserts that Plaintiff's claims are barred by the applicable statutes of limitation under Louisiana law.

3.15.  GIS would show that Plaintiff failed to state a cause of action upon which relief may be granted, and this lawsuit should therefore be dismissed with prejudice.

3.16.  As a further defense, if such should be necessary, GIS asserts that if Plaintiff has suffered any damages, Plaintiff has failed to mitigate such damages.

3.17.  As a further defense, if such should be necessary, GIS would further show that any causal connection between GIS's alleged acts or omissions and the occurrence made the basis of this law-suit is

broken by a separate and independent agency, not reasonably foreseeable, which constitutes the immediate cause of the occurrence made the basis of this lawsuit.

3.18. As a further defense, if such should be necessary, GIS would further show that the acts or omissions of a person or entity not a party to this lawsuit was the sole proximate cause of the occurrence made the basis of this lawsuit.

3.19. GIS would further show that plaintiff was not a seaman and that he is not entitled to any remedy under the Jones Act, the doctrine of unseaworthiness, or the doctrine of maintenance and cure.

3.20. Pleading further and in the alternative, GIS alleges and contends Plaintiff was required to work and supervise work in a safe manner, which plaintiff failed to do, causing the incident made the basis of this litigation. Accordingly, under the General Maritime Law, Plaintiff is the sole proximate cause of the incident, and GIS invokes the Primary Duty Doctrine to that effect.

**IV. Federal Rule of Civil Procedure 38 Jury Demand**

4.1. A jury trial is demanded on all issues presented in this case.

## V. Prayer

GIS asks the Honorable Court to enter judgment that Plaintiff takes nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

Brown Sims,

*/s/Michael D. Williams*
Michael D. Williams
Texas Bar No. 21564330
Federal ID No. 6982
*mwilliams@brownsims.com*
1177 West Loop South, 10th Floor
Houston, Texas 77027
Tel. 713.629.1580
Fax 713.629.5027

*Attorney in Charge for Defendant, Grand Isle Shipyard, LLC*

Of Counsel:

John G. H. Davis
Texas Bar No. 24012507
Federal ID No. 24428
*jdavis@brownsims.com*

Melanie G. Fordyce
Texas Bar No. 24067602
Federal I.D. No. 1179595
*mfordyce@brownsims.com*

>Brown Sims
>1177 West Loop South, 10th Floor
>Houston, Texas 77027
>Tel. 713.629.1580
>Fax 713.629.5027

**Certificate of Service**

I hereby certify that on October 30, 2020, I electronically served the foregoing with all parties of record pursuant to the Federal Rules of Civil Procedure.

>*/s/Michael D. Williams*
>Michael D. Williams