In the United States District Court
for the Southern District of Texas,
Houston Division

| | |
|---|---|
| Mark Flora,<br><br>    *Plaintiff*,<br><br>v.<br><br>Transocean Drilling (USA), Inc., *et al*,<br><br>    *Defendants*. | Civil Action No:<br>4:19-cv-02328<br>Jury Requested |

### Defendant Grand Isle Shipyard, LLC's
### Objections to Evidence Attached to Plaintiff's Response to Defendant's Motion for Summary Judgment

To the Honorable Judge David Hittner:

    Defendant Grand Isle Shipyard, LLC ("GIS") files its Objections to Evidence Attached to Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 59). In support of same, GIS would show unto the Honorable Court as follows:

### 1. Objections to the Deposition Testimony of Plaintiff Mark Flora

    Defendant objects to the following portions of plaintiff Mark Flora attached to and included in plaintiff's reply brief:

**Page:Line 202:02 – 202:19**. This offer of plaintiff's own testimony is self-serving, uncorroborated, incompetent, and contradicted by his own testimony. Evidence of prior bad acts are not admissible to prove negligence on the occasion at issue. Plaintiff's testimony about a crane operator named "Bone Crusher" unsafely lifting in the dark the night before or on past occasions is self-serving and not corroborated by any other witness.[1]

The witness is incompetent to testify as to whether that happened during the loading of this vessel as he did not respond yes, but "I would say it would be very likely."

Additionally, plaintiff immediately contradicts this testimony by confirming he had no recollection of how the boxes were loaded on the boat **(Page:Line 202:20 - 202:22;** *see also* **Page Line 200:09 -**

---

[1] *See Capital v Dar Al-Maal Al-Islami Trust*, 541 Fed. Appx. 443, 447-448, 2013 U.S. App. LEXIS 20660 (5th Cir. 2013) (A party's uncorroborated self-serving testimony cannot prevent summary judgment); *see also United States v Cabelka*, 2018 U.S. Dist. LEXIS 18283 (N.D. Tex. 2018) (A conclusory, self-serving statement by the non-movant is not sufficient to overcome a motion for summary judgment); *see also Jacobson-Boettcher v Downdy*, 2021 U.S. Dist. LEXIS 39660 (S.D. Tex. 2021) (A non-movant's self-serving and unsupported testimony will not defeat summary judgment where the evidence in the record is to the contrary).

200:20).

Plaintiff also attempts to use this same testimony to survive the summary judgment on his gross negligence and punitive damages claim by citing this same testimony as evidence of a pattern and practice of neglecting safety concerns.[2] In addition to above objections, Evidence of prior bad acts are also not admissible to show evidence of negligence on the occasion at issue.[3]

**Page:Line 166:16 – 166:20**. *Self-serving and conclusory.* Plaintiff testified that it was obvious to him that the D-ring was in a blind spot and a pinch point. Plaintiff does not testify as to why he concluded it was in a blind spot or why it was a pinch point.

## 2. Objections to Plaintiff's Offer of the Deposition Testimony of GIS Corporate Representative, Duroc Schexnaydre:

**Page:Line 36:14 – 36:20**. *Incomplete/ Improper hypothetical. Calls for speculation.* Plaintiff failed to lay a proper foundation:

---

[2] Plaintiff's Response to Defendant GIS' Motion for Summary Judgment, p.15.

[3] Evidence of prior bad acts are not admissible to prove negligence on the occasion at issue. *Jones v Southern P. Railroad*, 962 F.2d 447, 449 (5th Cir. 1992); FRE 404(b).

no foundation of where the actual supposed pinch point is and whether the actual supposed pinch point required someone to be in it. This question is about some hypothetical pinch point that does not exist. The witness' testimony is therefore speculation.

**Page:Line 43:13—43:15**. *Misleading, incomplete, and edited testimony.* Plaintiff intentionally omitted the question and a significant portion of the answer to mislead the Court on what the actual testimony is. The full testimony is at **42:22-43:23**.

**Page:Line 40:20 – 41:7**. *Incomplete/ Improper hypothetical. Calls for speculation.* Plaintiff failed to lay a proper foundation: no foundation of where the actual supposed pinch point is, where the headache ball is, where the stinger is, whether the actual supposed pinch point required someone to be in it. This question is about some hypothetical pinch point, headache ball, and stringer that does not exist. The witness' testimony is therefore speculation.

### 3. Objection to Depictions of Alleged Headache Ball

On pages 6 and 7 of plaintiff's Response Brief (ECF No. 59), plaintiff offers a picture which he claims is a headache ball similar to the one that struck plaintiff and "weighed several hundred pounds." There is no foundation for this representation to the court. To the extent plaintiff's attempts to rely upon this as evidence, the photograph should be struck.

### 4. Prayer

Defendant GIS respectfully requests that the Honorable sustain defendant's objections to plaintiff's evidence offered in support of its reply and strike the evidence from the record.

Respectfully submitted,

Brown Sims,

/s/Michael D. Williams
Michael D. Williams
Texas Bar No. 21564330
Federal ID No. 6982
mwilliams@brownsims.com
1177 West Loop South, 10th Floor
Houston, Texas 77027
Tel. 713.629.1580
Fax 713.629.5027

*Attorney in Charge for Defendant,*

*Grand Isle Shipyard, LLC*

of Counsel:

John G. H. Davis
Texas Bar No. 24012507
Federal ID No. 24428
jdavis@brownsims.com
Melanie G. Fordyce
Texas Bar No. 24067602
Federal I.D. No. 1179595
mfordyce@brownsims.com
Brown Sims
1177 West Loop South, 10th Floor
Houston, Texas 77027
Tel. 713.629.1580
Fax 713.629.5027

**Certificate of Service**

I hereby certify that on July 7, 2021, I electronically served the foregoing with all parties of record pursuant to the Federal Rules of Civil Procedure.

/s/   Michael D. Williams