IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| VS. | § | C.A. NO. 4:19-CV-2328 |
| | § | |
| TRANSOCEAN  DRILLING  (USA), | § | |
| INC., ET AL. | § | |

**GULF LOGISTICS, LLC and GULF LOGISTICS OPERATING, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes Defendants Gulf

Logistics, LLC and Gulf Logistics Operating, Inc. (hereinafter " Gulf Logistics")

pursuant to Rule 56 of the Federal Rules of Civil Procedure, and moves this Court

for partial summary judgment on two counts:

### I.  Summary of Points

First, to dismiss Plaintiff's claims for maintenance and cure on the basis that

following the alleged incident, Plaintiff completed his shift, was medically seen,

treated and released to full unrestricted duty the very next day and rejoined the vessel

working for the remainder of the voyage and worked subsequent voyages all while

being paid his full wages and medical bills to the point of his release. If any

maintenance and cure was owed, it was fully paid.

Second, and in the alternative, Gulf Logistics seeks summary judgment to

dismiss all claims for punitive damages asserted against Gulf Logistics, with

1

prejudice, for the alleged failure to pay maintenance and cure and any other grounds on the basis that even if the Court finds that there is a fact issue on whether maintenance and cure is/was owed, because Defendants relied on the following: multiple full-duty unrestricted releases given by Flora's medical providers, Flora's return to work offshore having never received a work restriction and Plaintiff's numerous representations to his chosen medical providers, his subsequent employer, the U.S. Department of Transportation, the Department of Homeland Security/US Coast Guard and others that he had no outstanding medical problems or limitations, such that there is no competent evidence supporting Plaintiff's entitlement to punitive damages for any alleged failure to pay maintenance and cure and the conduct necessary to support same.  Finally, as a Jones Act seaman, plaintiff has no other cause of action against Gulf Logistics for punitive damages outside of the maintenance and cure context.

## II.    Summary of Factual Background

On May 25, 2017, Plaintiff, Mark Flora, was working as a deckhand aboard the vessel *M/V Maggie A,* a vessel owned by Defendant Gulf Logistics, LLC and operated by Flora's employer Defendant Gulf Logistics Operating, Inc. Flora was at the same time a licensed, seasoned and certified U.S. Coast Guard 1600 Ton vessel captain who took the job as a deckhand while waiting for a captain's position with

Gulf Logistics to come available.[1]  At the time of the May 25, 2017 incident, Flora

and the crew of the vessel *Maggie A* were offloading grocery boxes to the drillship

*West Neptune.* Flora alleges that he was attempting to connect the grocery box

aboard the *Maggie A* to a stinger wire lowered from the crane mounted on the

drillship *West Neptune* when the headache ball, a portion of the *West Neptune*

crane's own rigging, got caught on the bulwarks of the vessel *Maggie A* then "free

fell" contacting the plaintiff's left shoulder and right foot.[2]  Flora participated in a

total of 19 cargo lifts, before and after the subject incident.

On May 26, 2017, the day after the subject incident, Flora was medically

treated and released to full duty without any physical limitations or restrictions.[3] He

returned to work aboard the *Maggie A* and completed the voyage working as a

deckhand at fully duty.[4]  Flora was paid his full wages throughout the voyage and

his medical bills were paid by Gulf Logistics.[5] Flora attended a follow up

appointment with an orthopedic specialist who evaluated Flora and was again

released to return to work offshore with no restrictions.[6]  Flora did in fact return to

the *Maggie A* and worked as a deckhand until June 28, 2017 wherein he was

---

[1] **Ex. A**; Deposition of Plaintiff Mark Flora, p. 65, lines 2-10; P. 85, line 22 to p. 86 line 7.
[2] **Ex. A**; Deposition of Mark Flora p. 154, lines 3-16.
[3] See **Ex. B;** Declaration of Randy Whittaker at No. 7 and Ex. 1 to the Declaration.
[4] **Ex. B** at No. 9.
[5]  **Ex. B** at No. 10 and 18.
[6] **Ex. B**; Declaration of Randy Whittaker at No. 11 and Ex. 2 to the Declaration.

promoted to captain of the *M/V Ms. Alissa*, another Gulf Logistics vessel.[7]   Flora

completed a full 28 day hitch as captain on full duty with no restrictions of any kind.[8]

Before his next hitch, Flora resigned from Gulf Logistics for other employment and

ultimately took a job with Smith Maritime in Florida as an oceangoing tug captain

earning more money. Before starting his new job, Flora returned to the orthopedic

specialist in follow up and was again cleared for duty without restrictions.[9]

On his employment application to Smith Maritime, dated September 27, 2017,

Flora was asked if he had "any medical condition or impairment" and stated that he

did not.[10]   Then, by December 11, 2017, Flora was required to update his medical

certificate with the Department of Homeland Security, United States Coast Guard.

In his application, Flora was required to identify from a list any medical conditions

that he "ever had, required treatment for or …presently have".[11]   Among other

things, Flora denied joint problems, limitation of motion of any joint or other

disabilities not identified on the form.[12] His physical exam identified normal upper

---

[7] **Ex. B** at No. 12.

[8] **Ex. B** at No. 14.

[9] **Ex. B**; Declaration of Randy Whittaker at No. 16 and Ex. 2 to the Declaration.

[10] **Ex. G**; Employment Records of Smith Maritime, Inc. at Bates GIS-Flora 000178.

[11] **Ex. G**; Employment Records of Smith Maritime, Inc. at Bates GIS-Flora 000208-212, Section II(a) at 29,31 and 33.

[12] Id. In making these denials, Flora certified under threat of prosecution under 18 U.S.C. §1001 that, among other things, all of the information he provided to the Department of Homeland Security was true and that he did not knowingly omit any material information relevant to the form.

and lower extremities and normal spine/musculoskeletal exam.[13] Based on his own representations and an objective medical exam, Flora was again found fit for full duty with no medical or physical restrictions.[14]  The physician who completed the U.S. Coast Guard exam, Dr. George Platt, testified that Flora did not make complaints of pain or limitation in his left shoulder or any other part of his body in conjunction with the physical.[15] Flora had a normal physical exam. Dr. Platt testified that if Flora would have disclosed to him those left shoulder injuries and limitations represented to the Court in Plaintiff's Complaint, he would have done a much more detailed exam of the left shoulder and without the disclosure by Flora, he would have had no reason to order specific orthopedic tests .[16]

On September 4, 2018, Flora made application to the US Department of Transportation for a commercial driver's medical certification. In his application, Flora was asked whether he had then, or ever had limited use of an arm, hand, finger, leg, and foot or whether he had neck, back or joint problems.[17] Flora denied all of this and further denied having any health condition related to his left shoulder not otherwise described in the application form or history of same. Again, Flora's physical exam at that time was normal.[18]

---

[13] Id.
[14] Id.
[15] **Ex. F**; Deposition of Dr. George Platt; p. 23 line 22 to p. 24 line 4.
[16] **Ex. F**; Deposition of Dr. George Platt; p. 32 line 13 to page 33 line 3 and p. 49 lines 2-15.
[17] **Ex. H**; Medical Records of Concentra Urgent Care at Bates GIS-Flora 001163.
[18] Id. at GIS-Flora 001163-1166.

Despite his representations to his new employer Smith Maritime and his representations to the U.S Department of Transportation and the U.S. Coast Guard through the Department of Homeland Security denying any medical conditions or impairment, Flora filed a First Amended Complaint (ECF Doc. 25) in this Court on October 25, 2019 representing that he suffered "serious and permanent injuries" and "debilitating injuries to his head, neck, shoulder, back, knee and other parts of his body" resulting in among other things, physical pain, physical disfigurement and physical impairment and asserting these and other conditions would probably continue indefinitely.  After making these representations to the Court, and approx. two months after filing the Complaint, Flora was required to re-apply to the Department of Homeland Security/U.S. Coast Guard for an updated medical certificate which required a new physical exam and disclosures regarding his medical condition, if any. This December 31, 2019 application was similar to the one he completed in 2017. Again, when Flora was asked to identify any medical condition that he ever had, required treatment for or presently had concerning a list of medical conditions, he denied joint problems that impaired his movement or caused debilitating pain.[19] He denied injuries or fractures causing impairment or limitation of motion of any joint and further denied any illnesses or disabilities that

---

[19] **Ex. H**; Medical Records of Concentra Urgent Care at Bates GIS-Flora 001172. See generally Ex. H GIS-Flora Bates 1169-1178.

were not specifically listed on the form.[20]  His physical exam was normal and he

was assessed to have the physical strength, agility and flexibility to perform all of

the items identified on a list of tasks considered necessary for performing ordinary

and emergency response shipboard functions.[21]  In his physical evaluation to obtain

the medical certificate, Flora disclosed the left shoulder injury alleged in this lawsuit,

but denied currently having any illness or injury or current treatment and Flora

further denied having any condition or medical restriction that prevented him from

safely participating in the physical activities connected with the exam.

In his Complaint, among other things, Flora alleges various acts or omissions

of the defendants amounting to negligence, negligence per se and gross negligence

giving rise to punitive damages *under the general maritime law.*[22] While Plaintiff

included past and future maintenance and cure in his "Prayer", Plaintiff did not plead

factual allegations that Defendants failed to pay maintenance and cure or any factual

allegations giving rise to punitive damages for the alleged failure to pay maintenance

and cure on the basis that the facts did not support same.

As will be shown below, Flora is not owed maintenance and cure. He was

treated the day after the incident and released to full duty without restrictions and he

---

[20] Id.

[21] Id. at 1176. See generally Ex. H GIS-Flora Bates 1169-1178.

[22] *emphasis added*. See Plaintiff's First Amended Complaint (ECF Doc. 25) p. 7 at §16.  Plaintiff asserts Jurisdiction predicated on the Outer Continental Shelf Lands Act 43 USC §1331 and/or the General Maritime Law

returned to work in his capacity as a deckhand. He was paid to the end of the voyage and his medical bills were paid for by his employer. He completed a subsequent hitch is for Gulf Logistics as a deckhand at full duty without restriction and then was promoted to captain. Flora was and is not entitled to any further maintenance and cure because he reached maximum medical improvement evidenced by several full duty work releases, the lack of a single work-duty restriction from any medical provider and the numerous representations made by Flora to his subsequent employer, medical providers and governmental agencies that he had no medical condition or impairment at any time since his full duty release. As will be shown below, even the various medical providers engaged to treat him after litigation was filed did not restrict his work duties in any way, nor did any of his medical providers recommend any curative medical treatment.

### III.   Evidence

Defendants offer and introduce the following Exhibits in support of its Motion for Partial Summary Judgment and incorporate the same herein for all purposes:

1.   Exhibit A: Deposition of Mark Flora;

2.   Exhibit B: Declaration of Randy Whittaker with attachments;

3.   Exhibit C:  Deposition of Dr. Michael Roberts;

4.   Exhibit D:  Deposition of Dr. Gregory Harvey;

5.   Exhibit E:  Deposition of Dr. Andrew Lee;

6.    Exhibit F: Deposition of Dr. George Platt;

7.    Exhibit G:  Employment Records of Smith Maritime, Inc.;

8.    Exhibit H:  Medical Records of Concentra Urgent Care.

### IV.    Analysis

**1.  Plaintiff is not owed maintenance and cure under the facts of this case.**

Without waiving any defenses regarding the pleading defect wherein Flora pleads no facts in the Complaint to support a claim for maintenance and cure or the failure to pay maintenance and cure, Defendants assert that the Plaintiff is not entitled to maintenance and cure on the basis that following the May 25, 2017 incident, Plaintiff continued to work and completed his shift.  On May 26, 2017 Plaintiff presented to and received medical treatment at Complete Occupational Health Services.[23]  Flora was diagnosed with left shoulder and right foot contusions and was released to full duty with no physical limitations on May 26, 2017.[24]  At his request, Plaintiff rejoined the vessel *Maggie A* the same day and continued to work at unrestricted full duty as a deckhand until June 11, 2017.[25]   Plaintiff was paid for his entire regular hitch that encompassed the date of the incident.[26]  Plaintiff attended a follow-up appointment, this time with an orthopedic specialist. [27]   Plaintiff was

---

[23] See **Ex. B;** Declaration of Randy Whittaker at No. 7 and Exhibit 1 attached to the Declaration.
[24] **Ex. B** at No. 7 and 8 and Exhibit 1 to the Declaration at Bates GIS-Flora 001101.
[25] **Ex. B** at No. 9.
[26] **Ex. B** at No. 10.
[27] **Ex. B** at No. 11 and generally Exhibit 2 to the Declaration.

assessed with a strain in his left shoulder and was again released to return to work

on his regularly scheduled hitch without any restrictions.[28]  Plaintiff returned to work

aboard the *Maggie A*, as scheduled, on June 28, 2017. [29] He worked an additional 19

days at full duty with no restrictions as a *deckhand* before being promoted to captain

of a different vessel, the *M/V Ms. Alissa*.[30]  For his remaining time aboard the *Maggie

A* as a deckhand, Plaintiff was paid his full compensation rate.[31]

Following his promotion, Capt. Flora requested several days off as personal

leave before taking the helm of the vessel *Ms. Alissa* and his time off was approved.[32]

There is no evidence that he sought medical treatment during that time.  Plaintiff

took the helm of the vessel *M/V Ms. Alissa*, as captain on August 1, 2017 and

completed a full regular 28 day hitch at full duty with no physical restrictions.[33]  He

was paid his full compensation rate as a promoted captain for the entire hitch.[34]

Before returning to his home in Houston, Texas, Plaintiff presented to orthopedic

specialist Dr. M. LaSalle for a follow-up appointment and was again cleared for full

duty without restriction.[35]  Capt. Flora was expected to return to work on September

11, 2017 for his next regularly scheduled hitch. However, before that time, he

---

[28] **Ex. B** at No. 11 and Exhibit 2 to the Declaration at Bates GIS-Flora 001407 and 001411.
[29] **Ex. B** at No. 12
[30] Id.
[31] **Ex. B** at No. 13
[32] **Ex. B** at No. 14.
[33] **Ex. B**
[34] **Ex. B** at  15.
[35] **Ex. B** at No. 16 and Exhibit 2 to the Declaration at Bates GIS-Flora 001413-001414.

contacted Gulf Logistics and resigned, advising that he purchased a work truck and was going to seek employment where he lived in Houston, Texas doing cleanup work following hurricane Harvey.[36]  Instead, Flora obtained employment with Smith Maritime in the State of Florida as an oceangoing tug captain making more money. In his application to Smith Maritime on September 27, 2017, Flora denied having any medical condition or any impairment.[37]

All of Mark Flora's medical bills for treatment received at Complete Occupational Health Services and Gulf Coast Orthopedics (Dr. LaSalle) were paid in full by Gulf Logistics.[38]  In summary, Mark Flora was treated and released to full duty with no restrictions the day after the accident and received two subsequent full duty releases. No medical doctor has ever restricted his physical activities in his employment and Flora continued to work at Gulf Logistics, then for subsequent employers at full duty without any medical restrictions. As such, even if Flora was initially owed maintenance and cure, it was paid until the point he reached maximum medical improvement. Plaintiff did not miss any work as a result of his alleged injuries. Flora was paid his full compensation rate for all days that he worked. Defendants expect Flora to respond with continued complaints of pain and hypotheticals as to what might possibly happen in the future, despite his repeated

---

[36] **Ex. B** at No. 17.
[37] **Ex. G**; Employment Records of Smith Maritime, Inc. at Bates GIS-Flora 000178.
[38] **Ex. B** at No. 18.

11

denials of any medical condition or impairment. Even if this was considered, it does not give rise to continued payment of maintenance and cure. As a result, Defendants' assert that no maintenance and cure was or is owed to Mark Flora under the circumstances of this case.

It is also anticipated that Plaintiff will argue that the treatment he received later during litigation after receiving multiple full duty work releases and repeated denials of medical conditions or impairment somehow gave rise to an obligation to pay maintenance and cure.  Defendants assert that this is both factually and legally flawed on the basis that none of Plaintiff's own treating doctors have never restricted him from his full duty positions aboard a vessel, whether through his employment with Gulf Logistics or subsequent employers. Recently, the deposition of Michael Roberts was taken. Dr. Roberts is a chiropractor who identified himself as Plaintiff's treating physician.[39]  Dr. Roberts treated Plaintiff from January 8, 2018 to January 2, 2019.[40]  Dr. Roberts testified that he was not aware at the time he was treating the Plaintiff that Flora was actively working in a full duty unrestricted job.[41]  In any event, Dr. Roberts also testified that he never recommended any physical restrictions on Flora's work activity.[42] Most notably, Flora did not disclose to the doctor that he

---

[39] **Ex. C**, Deposition of Dr. Michael Roberts, p. 23 line 24-25.
[40] **Ex. C,** p. 40 line 15-20.
[41] **Ex. C**, p. 102 line 4-17.
[42] **Ex. C**, p. 101 line 24 to p. 102 line 3.

had previously been given two separate full-duty releases as he continued to work offshore as a deckhand and later through a promotion as captain.[43]  Finally, and with respect to the allegation of future medical need, Dr. Roberts testified that in order to give any opinion on the plaintiff's future medical needs, he would have to first see the Plaintiff[44] who he had not seen in approximately 2 ½ years.

Dr. Gregory Harvey is a board certified orthopedic surgeon and another one of the Plaintiff's treating physicians. His last appointment with Plaintiff was December 5, 2018.[45] During his treatment of Flora, Dr. Harvey never placed physical restrictions on the plaintiff's ability to work[46] even after identifying an alleged microtracebecular fracture.[47]  The plaintiff never requested work restrictions from Dr. Harvey either.[48] Flora never reported to Dr. Harvey that he was having difficulty doing the work of a deckhand or as a captain following his promotion.[49] Finally, Dr. Harvey declined to offer any medical opinions on future medical need on the basis that he has not seen Flora in approximately 2½ years.[50]  It is undisputed that Dr. Harvey did not recommend any curative medical treatment to Flora.

Although Flora was treating with Dr. Roberts and orthopedic surgeon Dr.

---

[43] **Ex. C**, p. 110 line 15-20.
[44] **Ex. C**, p. 131 line 4-18.
[45] **Ex. D**, Deposition of Dr. Gregory Harvey; p.41 line 1-5.
[46] **Ex. D**, p. 55 line 7-24.
[47] **Ex. D**, 55 line 7-24.
[48] **Ex. D**, Deposition of Dr. Gregory Harvey; p. 56 line 21-24.
[49] **Ex. D**, p. 59 line 10-14 and at line 18-22.
[50] **Ex. D**. at p. 61, lines 19-24.

Harvey, he sought treatment from other medical professionals of the same specialty.

Flora presented to another orthopedic surgeon Dr. Andrew Lee on January 25, 2018.

Dr. Lee testified that it was initially thought that Flora might have a labral tear in his

left shoulder, but that this had been definitively ruled out by an MR Arthrogram.[51]

Dr. Lee testified that he did not restrict Flora's work activities in any way and that

Flora never requested a work release.[52] Dr. Lee has not seen Flora since January 25,

2018.   It is undisputed that Dr. Lee did not recommend any curative medical

treatment to Flora and that Flora never returned to see him.

In summary, Flora cannot present competent summary judgment evidence

raising a material fact issue that he was owed and not paid maintenance and cure

prior to being treated and released to full duty without any restriction on multiple

occasions and thus, reaching maximum medical improvement. Flora is also unable

to present competent summary judgment evidence raising a material fact issue that,

since being released to unrestricted full duty the day after the subject accident of

May 25, 2017, that any medical or health care provider withdrew Flora's full

duty/unrestricted work release or otherwise placed any medical restriction on Flora

in any way.

---

[51] **Ex. E:**  Deposition of Dr. Andrew Lee; p.80 lines 9-22.
[52] **Ex. E**:  at p.79 lines 8-14.

**2. Plaintiff has not pleaded facts supporting entitlement to punitive damages for the failure to pay maintenance and cure. Even if pleaded, there is no evidence that any conduct of Gulf Logistics meets the standard for award of punitive damages for failure to pay maintenance and cure.**

First, Defendants assert that Plaintiff has failed to allege any facts in his Complaint giving rise to a right to punitive damages for failure to pay maintenance and cure. In the Complaint at Paragraph 13 (Doc 25) Flora alleges that Defendants were "negligent, negligent per se, grossly negligent and violated the applicable standards of care and laws for the following reasons…" and included in that list a "failure to provide adequate medical treatment and maintenance and cure". However, Plaintiff's allegations giving rise to the alleged entitlement to punitive damages are limited to Paragraph 16 of Plaintiff's Complaint wherein Flora asserts entitlement to punitive damages under *the general maritime law* for <u>gross negligence</u> of all defendants, with no allegation that the Plaintiff's demand for punitive damages is related in any way to the alleged failure to pay maintenance and cure.

In the alternative, and even if Flora comes forward with a material fact issue on whether maintenance and cure is/was owed and not paid, which is at all times denied, there is no genuine issue of material fact indicating that any conduct on the part of Gulf Logistics rises to the level of conduct required for the imposition of punitive damages for failure to pay maintenance and cure.  The willful, wanton and callous conduct required for an award of punitive damages for failure to pay

15

maintenance and cure requires an element of bad faith.[53] Flora cannot produce competent summary judgment evidence that Gulf Logistics was willful, wanton, callous, recalcitrant, arbitrary and/or capricious in making maintenance and cure decisions based on this summary judgment record, particularly based on Flora's own representation to others regarding the state of his health all as shown above.

Defendants assert that on the summary judgment record, Plaintiff was not owed maintenance and cure that was not paid. Alternatively, if the Court finds a fact issue, Defendants assert that the summary judgment evidence establishes that there is simply no evidence in this matter to support a finding that Defendants acted in bad faith and with callous disregard for the Plaintiff's welfare.  As the evidence cited above establishes, Flora was treated and released to full, unrestricted duty the day after the incident. He returned to the vessel and completed his hitch. He sought a follow-up opinion with an orthopedic specialist who also found Flora fit for full duty without restriction as a deckhand on more than one occasion. Flora again returned to the vessel to work another hitch as a deckhand before being promoted by Gulf Logistics to the position of a captain on one of its other vessels wherein Flora completed a 28-day hitch on that vessel at full duty without restriction before resigning his employment with Gulf Logistics for a job that paid him more. To his subsequent employer, Smith Maritime, to medical providers, to the U.S. Department

---

[53] *Harper V. Zapata Offshore Co.,* 741 F.2d 87, 90 (5th Cir. 1984).

of Transportation and on multiple occasions to the Department of Homeland Security/U.S. Coast Guard, Flora denied and continued to deny any medical condition or impairment, all while representing to this Court that he was suffering from serious, debilitating and permanent injuries, restrictions and impairment. Gulf Logistics paid Flora to the end of the voyage and paid for the medical bills he incurred prior to receiving several full duty, unrestricted work releases, the first one received the day after the alleged incident. Additionally, Gulf Logistics relied on these medical records as well as Flora's continued full duty employment with Gulf Logistics following the incident in support of making maintenance and cure decisions. In continuing to reevaluate Flora's claims, Gulf Logistics relied on the many representations made by Flora that he had no medical conditions or impairment. Even if a maintenance and cure decision is later determined to be wrong, such an erroneous decision does not rise to the level of willful, wanton or egregious conduct giving rise to punitive damages when based on a doctor's report.[54] Even if Gulf Logistics is ultimately proven wrong on the issue of maintenance and cure, which is at all times denied, none of the facts of this case establishes the existence of a genuine dispute of material fact that Gulf Logistics was arbitrary or willful or callous in denying or failing to pay maintenance and cure.

---

[54] *Averett v. Diamond Offshore Drilling Services, Inc.* 980 F. Supp. 855 (E.D. La 1997).

**3.      As a Jones Act seaman, Plaintiff has no other right to seek punitive damages against Gulf Logistics:  A seaman has no right to punitive damages for Jones Act negligence or unseaworthiness under the General Maritime Law**

Flora was at all times a Jones Act seaman working as a deckhand aboard the vessel *Maggie A.* While a seaman can assert a cause of action for punitive damages against his employer for the failure to pay maintenance and cure, if pleaded and proved, the 5th Circuit Court of Appeals does not recognize a cause of action for punitive damages for negligence under the Jones Act[55] or unseaworthiness under the General Maritime Law.[56] Flora is precluded from recovering punitive damages on his negligence, gross negligence or unseaworthiness claims.

## V.      Law and Argument

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The U.S. Supreme Court has held that the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, '[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a

---

[55] *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 384 (5th Cir. 2014).
[56] *The Dutra Grp. v. Batterton*, 139 S.Ct. 2275, 2279 (2019).

sufficient showing on an essential element of her case with respect to which she has

the burden of proof.'"[57] Plaintiff Flora must come forward with "specific facts"

showing that a genuine factual dispute exists for trial on whether maintenance and

cure is or was owed to Plaintiff and whether the alleged actions or inactions of Gulf

Logistics with respect to the payment of maintenance and cure rise to the level of

conduct giving rise to punitive damages.[58]   Bare allegations with nothing more or

insufficient to create a material dispute or fact issue sufficient to defeat summary

judgment.[59] conclusory allegations of the Plaintiff, without support by specific facts

do not prevent summary judgment such that Plaintiff needs significant probative

evidence to defeat this motion.[60]

## VI.   Conclusion

For the foregoing reasons, Gulf Logistics, LLC and Gulf Logistics Operating,

Inc. are re entitled to summary judgment in that there is no genuine issue of material

fact that Plaintiff is/was not owed maintenance and cure that was not paid until the

point he reached maximum medical improvement and that alternatively, the alleged

actions or inactions of Plaintiff's employer in failing to pay maintenance and cure,

---

[57] *Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).
[58] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).
[59] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).
[60] *Nat'l Ass'n of Gov't Emps*. v. *City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994).  *See also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)

which is specifically denied, rises to the level of conduct necessary for an award of

punitive damages for failure to pay maintenance and cure. Finally, Plaintiff has no

other recognized cause of action for punitive damages under the facts and law of this

case. Gulf Logistics, LLC and Gulf Logistics Operating, Inc. respectfully seek

dismissal of all claims for maintenance and cure and punitive damage asserted

against them by Plaintiff Mark Flora, with prejudice.

Respectfully submitted:

ALLEN & GOOCH
A LAW CORPORATION

ALAN J. MECHE (SBOT#24025530)
Attorney in Charge
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA  70598-1129
Telephone:  (337) 291-1480
Fax:  (337) 291-1485
Email:  AlanMeche@AllenGooch.com
*Attorney for Gulf Logistics, LLC and Gulf Logistics Operating, Inc.*

Of Counsel:
ALLEN & GOOCH
A LAW CORPORATION
Randy Theunissen (SBOT #00795174)
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA  70598-1129
Telephone:  (337) 291-1240
Fax:  (337) 291-1245
Email:  RandyTheunissen@AllenGooch.com
*Attorney for Gulf Logistics, LLC
and Gulf Logistics Operating, Inc.*