IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| VS. | § | C.A. NO. 4:19-CV-2328 |
| | § | |
| TRANSOCEAN DRILLING (USA), INC., ET AL. | § § | |

**LLOG EXPLORATION OFFSHORE, LLC'S
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
PUNITIVE DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Defendant, LLOG Exploration Offshore, LLC (hereinafter "LLOG") pursuant to Rule 56 of the Federal Rules of Civil Procedure, and moves this Court for partial summary judgment to dismiss Plaintiff's claims against LLOG for punitive damages for the alleged "gross negligence" of LLOG on the grounds that, under controlling precedent, a Jones Act seaman such as Flora cannot recover non-pecuniary damages from a non-employer third-party such as LLOG.

**I.  Factual Background**

On May 25, 2017, Plaintiff, Mark Flora, was working as a deckhand aboard the vessel *M/V Maggie A,* a vessel owned by Defendant Gulf Logistics, LLC and operated by Flora's employer Defendant Gulf Logistics Operating, Inc. At the time of the incident, Flora and the *Maggie A* were providing marine transportation

services to LLOG pursuant to contract. Flora and the *Maggie A* were utilized to transport men, material and supplies to the drillship *West Neptune* located offshore Louisiana on the outer continental shelf at Green Canyon Block 390, OCS-G35865. Flora alleges that he was injured while unloading a grocery box from the back deck of the *Maggie A* to the drillship *West Neptune*. Flora also alleges, and it is undisputed that he was at all times a Jones Act seaman and was employed by Defendant Gulf Logistics Operating, Inc. as a member of the crew of the vessel *Maggie A*.[1]

In his Complaint, Flora alleges various acts or omissions of the defendants, including LLOG, amounting to negligence, negligence per se and gross negligence and thus allegedly entitling Flora to punitive damages *under the general maritime law*.[2] LLOG respectfully moves this court for Partial Summary Judgment against Flora, seeking dismissal of his claims for non-pecuniary damages on the basis that a Jones Act seaman cannot recover non-pecuniary punitive damages from a non-employer third-party.[3]

## II. Law and Argument

In *Scarborough v. Clemco Industries, Inc*., the 5th Circuit Court of Appeals held that a seaman may not recover non-pecuniary damages against either his

---

[1] **ECF Doc. 25**: Plaintiff's First Amended Complaint Paragraphs 1, 8 and 9.
[2] *emphasis added*. See Plaintiff's First Amended Complaint (ECF Doc. 25) p. 7 at §16. Plaintiff asserts Jurisdiction predicated on the Outer Continental Shelf Lands Act 43 USC §1331 and/or the General Maritime Law
[3] *Scarborough v. Clemco Industries, Inc.,* 391 F. 3rd 660, 668 (5th Cir. 2004).

2

employer or a non-employer third-party such as LLOG.[4]  After *Scarborough* was decided, the Supreme Court recognized a right to punitive damages in favor of a seaman *against his employer* for the arbitrary failure to pay maintenance and cure.[5] However, *Atlantic Sounding Co. v. Townsend* was limited to the maintenance and cure context and this limitation was reaffirmed in the Fifth Circuit Court of Appeals decision of *McBride v. Estis Well Service, LLC*.[6]  As a result, under controlling Fifth Circuit precedent, Flora cannot recover punitive damages against LLOG as a matter of law.

At least one Court initially called into question the holding of *Scarborough* following the *Atlantic Sounding Co. v. Townsend* decision.  Later, that same Court recognized that the Fifth Circuit has "now made it clear that under both the Jones Act and General Maritime Law, a seaman's damages against both employers and non-employers are limited to pecuniary losses".[7]

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. (c).

---

[4] *Scarborough v. Clemco Industries, Inc.,* 391 F. 3rd 660, 668 (5th Cir. 2004).
[5] *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009).
[6] 768 F. 3rd 382 (5th Cir. 2014).
[7] *Wade v. Clemco Industries, Inc.* 2017 WL 434425 (E.D. La. Feb. 1, 2017) (Fallon, J.).

### III. Conclusion

For the foregoing reasons, there is no genuine issue of material fact at issue here and LLOG Exploration Offshore, LLC is entitled to summary judgment and dismissal of all claims for punitive damages asserted against LLOG by Plaintiff Mark Flora, with prejudice, on the grounds that under controlling Fifth Circuit law, a seaman cannot recover punitive damages from a non-employer third-party such as LLOG for negligence and unseaworthiness claims under general maritime law. Therefore, LLOG respectfully asserts that it is entitled to summary judgment on this issue.

Respectfully submitted:

ALLEN & GOOCH
A LAW CORPORATION

_____
ALAN J. MECHE (SBOT#24025530)
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA  70598-1129
Telephone:  (337) 291-1480
Fax:  (337) 291-1485
Email:  AlanMeche@AllenGooch.com
*Attorney in Charge for LLOG Exploration Offshore, LLC*

Of Counsel:
ALLEN & GOOCH
A LAW CORPORATION
Randy Theunissen (SBOT #00795174)
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA 70598-1129
Telephone: (337) 291-1240
Fax: (337) 291-1245
Email: RandyTheunissen@AllenGooch.com
*Attorney for LLOG Exploration Offshore, LLC*