IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: |
| | § | 4:19-CV-2328 |
| TRANSOCEAN DRILLING (USA), | § | |
| INC., ET AL. | § | |
| *Defendants.* | § | |

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER TO EXTEND TIME TO DESIGNATE EXPERT AND PRODUCE EXPERT REPORT**

Plaintiff, Mark Flora, files this Motion to Modify Scheduling Order to Extend Time to Designate Expert and Produce Expert Report.

## I.   INTRODUCTION

This is a personal injury case. Plaintiff suffered injuries when cargo loaded by Grand Isle Shipyard, LLC was being offloaded from the *Maggie A* (Plaintiff was part of the crew aboard the *Maggie A*) and loaded onto the *West Neptune*.

Plaintiff retained Mr. John C. Pierce as his maritime liability expert. Plaintiff seeks to modify the scheduling order to extend his deadline to designate a maritime expert and exchange reports with Defendants in order to substitute his maritime

1

expert, Mr. John Pierce, with Mr. Michael Lebsack, on account of Mr. Pierce's recent unexpected death.[1]

Pursuant to the Court's initial Rule 16 Scheduling Order dated September 24, 2019, Plaintiff's initial deadline for designating experts was December 31, 2019. *See* Exhibit 1 (Rule 16 Scheduling Order Dated September 24, 2019). Plaintiff complied with this deadline and designated experts on December 31, 2019. On January 30, 2020 an Amended Scheduling Order was entered extending deadlines, including Plaintiff's deadline to designate experts and produce reports of retained experts. *See* Exhibit 2 (Amended Rule 16 Scheduling Order). Plaintiff's deadline to provide a report from Mr. Pierce was extended to June 27, 2020. *Id.* Plaintiff complied with this deadline and served Mr. Pierce's report on Defendants on June 26, 2020. *See* Exhibit 3 (email dated June 26, 2020).

On August 29, 2021 Mr. Pierce unexpectedly passed away. *See* Exhibit 4 (Mr. Pierce's Obituary). Given Mr. Pierce's unexpected passing, Plaintiff seeks leave to extend the expert deadline and report deadline in order to designate Mr. Lebsack as Plaintiff's maritime expert and produce his report to Defendants. Mr. Lebsack is a maritime expert that has worked with Mr. Pierce. *See* Exhibit 5 (Lebsack CV).

---

[1] Plaintiff intends on designating Mr. Lebsack in place of Mr. Pierce. Plaintiff has already provided Defendants with Mr. Lebsack's CV and agreed to deadlines to produce a report from Mr. Lebsack. The proposed agreed deadline for Plaintiff to produce a report by Mr. Lebsack is November 12, 2021.

2

Defendants do not oppose the relief sought by Plaintiff.

## II.   GOOD CAUSE EXISTS FOR EXTENDING PLAINTIFF'S EXPERT DESIGNATION AND REPORT DEADLINES

A district court has broad discretion to control its own docket by entering a scheduling order. *Ranzy v. Extra Cash of Texas, Inc*., 2012 WL 1015923, at *3 (S.D. Tex. Mar. 22, 2012) (*citing Edwards v. Cass Cnty*., Tex., 919 F.2d 273, 275 (5th Cir.1990)).  The decision whether to grant such an extension is governed by Federal Rule of Civil Procedure 16.4.

> There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice."

*Springboards To Educ., Inc. v. Houston Indep. Sch. Dist*., 912 F.3d 805, 819 (5th Cir. 2019), as revised (Jan. 29, 2019), as revised (Feb. 14, 2019).

Application of the above-referenced four-factor test supports Plaintiff's request for leave to extend time to designate expert and produce expert report.  With respect to the first factor, Plaintiff complied with the Court's Initial and Amended Scheduling Order.  However, due to the unexpected death of Mr. Pierce (who was properly and timely designated), Plaintiff must now seek leave to extend the expert deadline to designate Mr. Lebsack in place of Mr. Pierce.  With regards to the second factor, Plaintiff's ability to present a maritime expert in a Jones Act case is clearly important.  With regards to the third factor, Defendants will not be prejudiced.  In

fact, Defendants do not oppose the relief Plaintiff is seeking. *See* Exhibit 6 (emails from Defendants). The fourth factor is the availability of a continuance to cure any prejudice. As noted above, Defendants will not suffer any prejudice. However, should the Court have any concerns regarding prejudice to the Defendants, any such prejudice could be cured with a brief continuance.[2]

### III. CONCLUSION AND PRAYER

Plaintiff respectfully requests the Court grant Plaintiff's Motion to Extend Expert Deadline and Report Deadline and for all other relief Plaintiff may be justly entitled.

---

[2] Plaintiff is not requesting a continuance.

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/*Daniel E. Sheppard*
John D. Sheppard
State Bar No.  24051331
Federal I.D.  635193
Daniel E. Sheppard
State Bar No.  24103929
Federal I.D.  3120079
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*
*jsheppard@morrowsheppard.com*
5151 San Felipe Street
Houston, Texas 77056
Telephone:  (713) 489-1206
Facsimile:  (713) 893-8370

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system.  Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard

## CERTIFICATE OF CONFERENCE

Plaintiff certifies that he conferred with counsel for the Defendants and they are not opposed to the relief sought.  *See* Exhibit 6 (Emails from Defendants).

*/s/Daniel E. Sheppard*
Daniel E. Sheppard
