United States District Court
Southern District of Texas
**ENTERED**
December 23, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-19-2328 |
| | § | |
| TRANSOCEAN DRILLING (USA) INC. *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendant Grand Isle Shipyard, LLC's Motion for Summary Judgment (Document No. 45), LLOG Exploration Offshore, LLC's Motion for Summary Judgment (Document No. 56), Gulf Logistics, LLC and Gulf Logistics Operating, Inc.'s Motion for Partial Summary Judgment (Document No. 75), and LLOG Exploration Offshore, LLC's Motion for Partial Summary Judgment Regarding Punitive Damages (Document No. 76). Having considered the motions, submissions, and applicable law, the Court determines Grand Isle's motion for summary judgment should be denied, LLOG's motion for summary judgment should be denied, Gulf Logistics' motion for partial summary judgment should be denied, and LLOG's motion for partial summary judgment should be granted.

## I. BACKGROUND

This is a tort case regarding a personal injury which allegedly took place on the deck of a maritime vessel. On May 25, 2017, Plaintiff Mark Flora ("Flora") was working as a deckhand aboard the *M/V Maggie A* (the "Vessel"), a cargo vessel. It is unclear from the amended complaint whether Flora alleges he was working for Defendant Gulf Logistics, LLC, Defendant Gulf Logistics Operating, Inc., or Defendant Gulf Logistics Services, LLC.[1] The Vessel had been loaded with cargo by Defendant Grand Isle Shipyard, LLC ("GIS"). Defendant LLOG Exploration Offshore, LLC ("LLOG") contracted with the owner of the Vessel to have the Vessel deliver personnel and cargo to a drillship temporarily affixed to the Outer Continental Shelf in the Gulf of Mexico. In the process of unloading the cargo onto the drillship, Flora was struck by the headache ball, a portion of the crane rigging. Flora allegedly sustained injuries as a result of the impact.

On May 17, 2019, Flora filed this action in the 234th Judicial District Court for Harris County, Texas. On June 28, 2019, GIS and Defendant Seadrill Gulf Operations Neptune, LLC removed to this court on the basis of federal question jurisdiction based on the Outer Continental Shelf Lands Act. On October 25, 2019, Flora filed an amended complaint. The remaining Defendants are Transocean Drilling (USA) Inc., Gulf Logistics, LLC, Gulf Logistics Operating, Inc., Gulf

---

[1] *See Plaintiff's First Amended Complaint*, Document No. 25, ¶ 9.

2

Logistics Services, LLC, GIS, and LLOG (collectively, "Defendants").² The remaining causes of action are negligence, negligence per se, and gross negligence. On March 16, 2021, GIS moved for summary judgment. On May 7, 2021, the Court ordered the docket date for GIS's motion for summary judgment be moved to June 30, 2021. On June 28, 2021, LLOG moved for summary judgment. On September 29, 2021, the Court ordered the docket date for LLOG's motion for summary judgment be moved to October 8, 2021. On October 29, 2021, Defendants Gulf Logistics, LLC and Gulf Logistics Operating, Inc. (collectively, the "Gulf Logistics

---

² The Court notes neither the notice of removal nor the docket reflect the existence of a party called "Gulf Logistics Operating, Inc." The notice of removal and the docket do, however, refer to a party called "Gulf Logistics Operating LLC." *See Notice of Removal by Grand Isle Shipyard, LLC and Seadrill Gulf Operations Neptune LLC*, Document No. 1 at 1. On October 29, 2021, parties representing themselves as Gulf Logistics, LLC and Gulf Logistics Operating, Inc. moved for partial summary judgment. *See Gulf Logistics, LLC and Gulf Logistics Operating, Inc.'s Motion for Partial Summary Judgment*, Document No. 75. The attorney listed on the docket as representing Gulf Logistics Operating LLC signed this motion for partial summary judgment. The Court can find no further reference to Gulf Logistics Operating LLC in submissions filed after the notice of removal. In light of what appears to be an error by the removing parties, the Court refers to Gulf Logistics Operating, Inc. throughout the remainder of this Order. Further, "LLOG Exploration Offshore, LLC" appears nowhere in the amended complaint or the docket. The amended complaint and the docket do refer to "LLOG Holdings LLC." *See Plaintiff's First Amended Complaint*, Document No. 25 at 1. On June 28, 2021, a party representing itself as LLOG Exploration Offshore, LLC moved for summary judgment. *See LLOG Exploration Offshore, LLC's Motion for Summary Judgment*, Document No. 56. The attorney listed on the docket as representing LLOG Holdings LLC signed this submission. In light of what appears to be an error by Flora, the Court refers to LLOG Exploration Offshore, LLC for the remainder of this Order. No parties have noted the apparent inconsistency in the naming of these defendants.

3

Defendants") moved for summary judgment.³ Also on October 29, 2021, LLOG moved for partial summary judgment specifically on the issue of punitive damages, which apparently was not addressed by its earlier motion.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant must present the basis for the motion and the elements of the causes of action upon which the nonmovant is unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to identify specific facts demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A dispute of "material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmovant's bare allegations, standing alone, are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

³ The Court notes Gulf Logistics Services, LLC did not join the Gulf Logistics Defendants' motion for summary judgment. For the sake of brevity, the Court refers to the movants for summary judgment as the Gulf Logistics Defendants.

242, 247–48 (1986). The nonmovant cannot rest on his allegations to get to a jury without any significant probative evidence tending to support those allegations. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmovant, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. It is not the function of the Court to search the record on the nonmovant's behalf. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, while the Court views "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmovant, the nonmoving party . . . must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kan. City S. R.R. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

### III. LAW & ANALYSIS

The Court first addresses the evidentiary objections involved in GIS's motion for summary judgment, then GIS's motion for summary judgment itself, then LLOG's motions, then the Gulf Logistics Defendants' motion.

A.   *GIS's Motions*

   1.   *GIS's Evidentiary Objections*

GIS objects to evidence submitted by Flora in response to GIS's motion for summary judgment. Specifically, GIS objects to specific portions of the deposition

testimony of GIS corporate representative Duroc Schexnaydre ("Schexnaydre") (the "Schexnaydre Deposition"). Flora contends the objected-to portions of the deposition are competent summary judgment evidence.

      *i.    Schexnaydre Deposition 36:14–36:20*

GIS objects to Schexnaydre Deposition 36:14–36:20 on the basis Flora solicited an answer to an allegedly inappropriate hypothetical. In the objected-to portion, Schexnaydre is answering questions about the creation of pinch points[4] on cargo vessels in the course of loading the vessels. Schexnaydre answers Flora that GIS does not want to create pinch points or confined spaces when loading the vessels. The relevant testimony reads "[Q:] Because you know that down the road, someone is going to have to potentially work in that pinch point or confined space, right? . . . . A: Yes. Somebody has to offload it, yes."[5] This is not a hypothetical question, but a question about a general safety practice engaged in by GIS in its ordinary course of business. GIS offers no reason why Schexnaydre would be incompetent to testify as to this practice. The objection to this portion of the Schexnaydre Deposition is thus overruled.

---

[4] Schexnaydre defines a pinch point as a point "between two objects" in his deposition testimony. *See Plaintiff's Response to Defendant Grand Isle Shipyard, LLC's Motion for Summary Judgment*, Document No. 59, Exhibit A at 39:24–39:25, 40:1 (*Oral and Videotaped Deposition of Duroc Schexnaydre*) [hereinafter *Schexnaydre Deposition*].

[5] *Schexnaydre Deposition, supra* note 4, at 36:14–36:20.

*ii. Schexnaydre Deposition 40:20–41:7*

GIS objects to Schexnaydre Deposition 40:20–41:7 on the basis of improper hypothetical. The relevant testimony reads "[Q:] What I want to ask is what makes working in [pinch points] dangerous? . . . . A: A pinch point is a pinch point. It could be dangerous because you could be pinched between two items—two objects. Q: And, also, does it make it more difficult to get out of the way of something that's— like a headache ball or a stinger that's coming down on a crane? . . . A: Could be."[6] This is, once again, a question about a foreseeable safety issue rather than a hypothetical question. GIS offers no reason why Schexnaydre would be incompetent to testify as to this practice. The objection to this portion of the Schexnaydre Deposition is thus overruled.

*iii. Schexnaydre Deposition 43:13–43:15*

GIS objects to Schexnaydre Deposition 43:13–43:15 on the basis that "Plaintiff . . . omitted the question and a significant portion of the answer to mislead the Court on what the actual testimony is. The full testimony is at 42:22–42:23."[7] It is unclear what exactly GIS's objection is. Flora attached a full transcript of the Schexnaydre Deposition to his response to GIS's motion for summary judgment.

---

[6] *Schexnaydre Deposition, supra* note 4, at 40:20–41:7.

[7] *Defendant Grand Isle Shipyard, LLC's Objections to Evidence Attached to Plaintiff's Response to Defendant's Motion for Summary Judgment*, Document No. 60 at 4.

7

GIS does not clearly argue the transcription is wrong or does not reflect Schexnaydre's real testimony. The Court has read the Schexnaydre Deposition as attached to Flora's response. GIS did not submit its own version of the Schexnaydre Deposition transcript with alternate transcriptions. The objection to this portion of the Schexnaydre Deposition is thus overruled.

    *iv.*    *GIS's Other Objections to Flora's Response*

GIS further objects to other evidence submitted in support of Flora's response to GIS's motion for summary judgment. The Court, however, resolves GIS's motion for summary judgment without considering the other objected-to evidence. Accordingly, GIS's other evidentiary objections are overruled as moot.

    *2.*    *GIS's Motion for Summary Judgment*

GIS contends Flora has failed to produce any evidence creating a triable issue of material fact as to whether GIS has accrued any negligence liability related to Flora's injury. Having considered the motion, submissions, and applicable law, the Court determines triable issues of fact do exist. Accordingly, the motion for summary judgment is denied.

*B.*    *LLOG Motions*

LLOG moves for summary judgment as to Flora's negligence claims asserted against LLOG, and separately moves for partial summary judgment as to the issue of punitive damages. The Court addresses each motion in turn.

*1. LLOG's Motion for Summary Judgment as to Negligence Claims*

LLOG moves for summary judgment on the grounds the parties involved allegedly causing Flora's injury were independent contractors. Flora contends some of the workers and supervisors present were employees of LLOG and thus sufficient evidence exists to create a triable issue of fact as to LLOG's liability. Having considered the motion, submissions, and applicable law, the Court determines a triable issue of fact exists as to Flora's claims against LLOG. Accordingly, the motion for summary judgment as to the negligence claims against LLOG is denied.

*2. LLOG's Motion for Partial Summary Judgment as to Punitive Damages*

LLOG also moves for partial summary judgment as to Flora's claims for punitive damages asserted against LLOG. Flora does not oppose LLOG's motion. Under general maritime law, nonpecuniary damages (e.g., punitive damages) are not available to an injured Jones Act seaman in a suit brought against a non-employer third party defendant. *See Scarborough v. Clemco Indus.*, 391 F.3d 660, 668 (5th Cir. 2004); *but see Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 424 (2009) (permitting a Jones Act seaman to recover punitive damages from his employer). It is undisputed LLOG was not Flora's employer at the time of the alleged injury. Accordingly, the motion for partial summary judgment is granted as to the punitive damages sought from LLOG.

C. *Gulf Logistics, LLC and Gulf Logistics Operating, Inc.'s Motion for Partial Summary Judgment*

The Gulf Logistics Defendants move for summary judgment as to their obligation to pay Flora maintenance and cure and, alternatively, punitive damages on the basis that any alleged failure to pay maintenance and cure did not rise to level of culpability necessary for an award of punitive damages. Flora contends the Gulf Logistics Defendants did owe him more maintenance and cure compensation and whether the acts or omissions of the Gulf Logistics Defendants rose to the level necessary to recover punitive damages is a question of fact. Having considered the motion, submissions, and applicable law, the Court determines the Gulf Logistics Defendants' motion for summary judgment should be denied.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant Grand Isle Shipyard, LLC's Motion for Summary Judgment (Document No. 45) is **DENIED**. The Court further

**ORDERS** that the evidentiary objections raised in Defendant Grand Isle Shipyard, LLC's Objections to Evidence Attached to Plaintiff's Response to Defendant's Motion for Summary Judgment (Document No. 60) are **OVERRULED IN PART** and **OVERRULED AS MOOT IN PART**. The objections are overruled as to the deposition of Duroc Schexnaydre. The objections are overruled as moot as to all other pieces of objected-to evidence. The Court further

**ORDERS** that LLOG Exploration Offshore, LLC's Motion for Summary Judgment (Document No. 56) is **DENIED**. The Court further

**ORDERS** that Gulf Logistics, LLC and Gulf Logistics Operating, Inc.'s Motion for Partial Summary Judgment (Document No. 75) is **DENIED**. The Court further

**ORDERS** that LLOG Exploration Offshore, LLC's Motion for Partial Summary Judgment Regarding Punitive Damages (Document No. 76) is **GRANTED**.

SIGNED at Houston, Texas, on this 23rd day of December, 2021.

DAVID HITTNER
United States District Judge