IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| VS. | § | C.A. NO. 4:19-CV-2328 |
| | § | |
| TRANSOCEAN DRILLING (USA), INC., ET AL. | § § | |

**DEFENDANTS' MOTION TO REOPEN DISCOVERY BASED ON NEW EVIDENCE AND TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM PLAINTIFF**

TO THE HONORABLE JUDGE DAVID HITTNER:

COMES NOW, Defendants Gulf Logistics Operating, Inc., Gulf Logistics, LLC, LLOG Exploration Offshore, LLC and Grand Isle Shipyard, LLC, who file this Motion to Reopen Discovery Based on New Evidence and to Compel Supplemental Discovery Responses from Plaintiff. In support thereof, Defendants show the Court as follows:

I. **Summary of the Argument**

Defendants ask this Court to reopen the discovery period for 60 days so that Defendants can obtain medical records from all newly discovered medical providers, as well as take the depositions of the out-of-state providers who cannot be compelled to testify at trial. Defendants further request the Court order the Plaintiff to immediately supplement outstanding discovery requests regarding the identity of all

medical providers and employers subsequent to the May 25, 2017, incident upon which this lawsuit is based.

This motion is necessary because Defendants recently learned the identity of an undisclosed employer of Mark Flora. The records obtained from the employer reveal the identity of an undisclosed clinic in Louisiana that treated Flora during the pendency of this litigation. The records of the Bourgeois Medical Clinic were received on **February 2, 2022** and contain, among other things, a new physical exam of Flora and partial records of an emergency room visit at the Teche Regional Medical Center; also undisclosed by Flora[1]. These records reference back injuries[2] sustained and treatment received by Flora arising out of an unrelated May 21, 2018 offshore accident.[3] These records also contain the identity of other undisclosed medical providers.

Because the existence, nature and extent of the injuries/treatment have not been disclosed by the plaintiff and directly relate to the claims and/or alleged damages of Flora, Defendants will be prejudiced in defending against Flora's allegations of injury and damages at trial absent a reasonable opportunity to obtain

---

[1] Complete records of Teche Regional Medical Center have been requested on an expedited basis. At the time of the filing of this motion, those records have not been received.
[2] Flora testified in deposition that he sustained a subsequent back injury but did not identify his employer at the time, Servicio Marina Superior, LLC, or the medical providers Bourgeois Medical Clinic and Teche Regional Medical Center.
[3] The instant lawsuit arises out of a May 25, 2017 offshore accident wherein Flora alleges, "serious and debilitating injuries to his head, neck, shoulder, **back**, knee, and other parts..." Plaintiff's First Amended Complaint (Rec. Doc. 25 para. 12).

2

discovery on this unrelated workplace back injury and subsequent treatment.

On February 3, 2022, approximately 120 days before the beginning of the new June 2022 term in this case, Defendants requested an agreement from Plaintiff to schedule the deposition of a medical provider at the Louisiana-based Bourgeois Medical Clinic. The plaintiff refuses to agree to any discovery on the basis that the September 20, 2021, discovery deadline has passed, even though the plaintiff has conducted considerable discovery past the discovery deadline and has failed to supplement past discovery responses with the information Defendants have now partially uncovered.

For the reasons more fully discussed below, Defendants respectfully request the Court reopen the discovery period in this case for 60 days so that Defendants can obtain medical records from all newly discovered medical providers and to take the deposition of medical providers from the Bourgeois Medical Clinic, Teche Regional Medical Center, and others if necessary to preserve evidence from these out-of-state witnesses who cannot be compelled to testify at trial. Defendants further request the Court order the Plaintiff to immediately supplement outstanding discovery requests regarding the identity of all medical providers and employers subsequent to the May 25, 2017, incident upon which this lawsuit is based.

## II. Background

This is a maritime personal injury matter originally filed in the 234th District

Court of Harris County, Texas, on or about June 5, 2019. Mark Flora alleges personal injuries and damages as a result of cargo offloading operations from the vessel *Maggie A* to the drillship *West Neptune* in the Gulf of Mexico, offshore Louisiana. The plaintiff is a resident of Harris County, Texas, and the Defendants are Louisiana-based companies. The matter was removed to this Court and is currently **set for jury trial on the Court's June 2022 trial term**.

On **January 11, 2022**,[4] and based on a tip contained on Flora's Facebook page, Defendants received records from Servicio Marina Superior, LLC ("SMS"), a company that employed Mark Flora <u>after</u> the May 25, 2017, incident upon which this lawsuit is based and during that period of time Flora alleged ongoing injuries and damages in this lawsuit. Flora has never disclosed this employer despite an obligation to do so in response to written discovery. The existence of this employer was not uncovered until long after the discovery period ended. During the October 19, 2021 mediation, Defendants discovered representations made by Flora online regarding two post-incident employers. One of the alleged employers identified only as "Cashman" had been previously discussed in Flora's deposition, but in response to a subpoena, Cashman stated under oath in September <u>2020</u> that Flora was never employed by it. **Exhibit 1.** Undersigned continued to investigate Flora's allegations

---

[4] Defendants originally ordered the records on November 15, 2021; however, because of uncertainty as to the specific entity that employed Flora, the request had to be amended in mid-December. Plaintiff's counsel filed no objection to either Notice of Intention to Take Deposition by Written Questions.

of this employment and discovered that Flora was employed as a vessel captain by SMS on or about June 11, 2020. Subpoenas were issued to SMS and another employer Edison Chouest. The records of SMS were produced to all parties on January 11, 2022.

As part of his application process to SMS, Flora was required to present to a medical provider for a pre-employment medical evaluation. The evaluation was performed at the Bourgeois Medical Clinic in Morgan City, Louisiana on or about June 11, 2020. A copy of the relevant SMS record obtained by Defendants on January 11, 2022, is attached. **(Exhibit 2).**

According to the record, the physical examination of Flora was deferred for further evaluation pending receipt of a "complete copy of medical records regarding a back injury, to include imaging studies." Defendants assert that Flora's employment with SMS, his physical examination, records regarding the back injury, and related medical providers have never been disclosed in this litigation despite Interrogatories and discovery requests calling for this precise information.

On January 12, 2022, the undersigned produced a copy of the employment records of SMS that it received a day earlier to all parties and calling upon the Plaintiff to immediately disclose the identity of all medical providers and facilities treating him for the back complaints, to provide records and other discoverable information regarding same. **(Exhibit 3).** To date, the Plaintiff has not responded

5

with the disclosures.

### III. Good Cause Exists for to Reopen Discovery

Although it appears that the Flora's primary focus in this case has been a shoulder injury, Flora's October 25, 2019, Amended Complaint alleges injuries described as "permanent" and "serious, debilitating injuries to his head, neck, shoulder, **back,** knee and other body parts..." as a result of being struck by a crane's equipment. (ECF 25).

In its First Interrogatories to Flora, Gulf Logistics requested information regarding Flora's past and present employers; any sources of income received since the May 25, 2017, incident; and the identity of all medical or health care providers that Flora has seen *subsequent* to the subject incident. **(Exhibit 4**, Flora's responses to Interrogatories 7, 9, 11, 19 and 20). Even more specifically, Flora was asked to identify all persons or entities that he sought employment from since the date of the incident in response to Interrogatory 18. Although this discovery was served before Flora's employment with SMS, Flora has an obligation under the Federal Rules of Civil Procedure to seasonably supplement his discovery responses to disclose this information and he has failed to do so.

On June 29, 2021, the Court continued this case to the February, 2022 Trial term with the discovery deadline of September 20, 2021. Scheduling delays in the case fostered cooperation between the parties so that each party could conduct the

6

necessary work to present their case. Depositions taken close to the discovery deadline necessitated briefing extensions requested by Flora to respond to the various summary judgment motions filed by the defendants. Defendants agreed to join Flora in his successive requests to move the submission date on LLOG's Motion for Summary Judgment filed on June 28, 2021 to accommodate Flora's briefing of a deposition noticed by Flora just before the end of the discovery deadline. (Rec. Doc. 62 and Doc. 67 at fn.1).

On September 13, 2021, one week before the end of the discovery period, Flora notified Defendants that his liability expert unexpectedly passed away. Flora sought cooperation from Defendants to extend deadlines to give Flora time to nominate another expert and to produce a report. Defendants did not oppose the request even though the new expert's report was to be produced less than 90 days before the start of the trial term. Plaintiff now seeks to thwart the discovery efforts of Defendants on discovery that should have been disclosed by Flora years ago and he cites the discovery deadline in support.

### III. Law and Analysis

Through Federal Rule of Civil Procedure 16, a district court has broad discretion to control its own docket through scheduling orders. *Ranzy v. Extra Cash of Texas, Inc.*, 2012 WL 1015923, at *3 (S.D. Tex. Mar. 22, 2012) (*citing Edwards v. Cass Cnty.*, Tex., 919 F.2d 273, 275 (5th Cir.1990)). The Fifth Circuit case of

7

*Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.* articulated four factors to consider when determining whether good cause exists under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification of the scheduling order; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. 912 F.3d 805, 819 (5th Cir. 2019), revised (Jan. 29, 2019 and Feb. 14, 2019).

Based on the above, Defendants assert that the factors weigh in favor of the reopening of discovery based on good cause. By doing so, Defendants will obtain discovery critical to their defense of this case from sources who cannot be compelled to testify at trial. Defendants further assert that opening discovery for a period of 60 days will not require a trial continuance. Defendant's conducted discovery of employers and medical providers based on the information that was disclosed by Flora. Some of this information was absent or incorrect, whether by lapse in Flora's memory or otherwise. Plaintiff should not now be heard to oppose this discovery on the basis that "Defendants should have discovered this earlier". When in the course of conducting discovery, if the plaintiff requests information and documents from Defendants, it is not enough for Defendants to advise the plaintiff that they do not currently recall the information. Both parties have a duty to conduct a search of their records, papers and information available to them in order to respond to discovery

requests. Had Flora done this, the identity of these newly identified medical providers and employer could have been disclosed to Defendants long ago.

## IV. Requested Relief

The Court has recently rescheduled this matter to the June 22, 2022 trial term. Defendants request that the Court reopen the discovery period for 60 days so that Defendants can obtain discovery regarding this new evidence and to schedule depositions of key medical providers who treated Flora for back injuries in this unrelated workplace accident and later performed a physical examination. The information is highly relevant to the instant litigation even if Flora chooses not to make claims of back injury at trial because the existence and treatment of a subsequent back injury and back pain is necessarily inconsistent with Flora's current claims associated with the May 25, 2017, incident.

The new medical providers identified so far are based in Louisiana and cannot be compelled by subpoena to attend trial and give testimony. Plaintiff will not be prejudiced in that the trial term of this matter is approximately four months away. Allowing the Plaintiff to prevent full discovery of his back treatment and the opinions of these undisclosed medical providers will only reward the plaintiff for failing to disclose this information timely.

Reopening discovery for 60 days will permit the Defendant to discover the incident and injuries associated with this new evidence, depose relevant witnesses,

9

prepare effective cross-examinations and "mount a full and fair defense to the new evidence." *See generally Bradley v. United States,* 866 F.2d 120, 126 (5th Cir.1989). Defendants will be prejudiced if they are put to a jury trial wherein Flora testifies regarding ongoing pain and problems allegedly resulting out of the May 25, 2017, incident without Defendants being provided an opportunity to discover evidence to rebut this allegation.

## V.    Certificate of Conference

Plaintiff's counsel has been contacted regarding this motion and advised that he is opposed to conducting discovery beyond the discovery deadline.

## VI.    Prayer

WHEREFORE PREMISES CONSIDERED Gulf Logistics Operating, Inc., Gulf Logistics, LLC, LLOG Exploration Offshore, LLC and Grand Isle Shipyards, LLC respectfully request that the Court reopen the discovery period in this case for 60 days and to enter an order that plaintiff supplement outstanding discovery regarding the identity of all medical providers and employers subsequent to the May 25, 2017 incident upon which this lawsuit is based.

The Motion is not sought for the purposes of delay and will not affect the trial term, but is requested so that justice may be done.

Respectfully submitted:

ALLEN & GOOCH
A LAW CORPORATION

*[signature]*

ALAN J. MECHE (SBOT#24025530)
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA 70598-1129
Telephone: (337) 291-1480
Fax: (337) 291-1485
Email: AlanMeche@AllenGooch.com

*Attorneys for Defendants, Gulf Logistics Operating, Inc. Gulf Logistics, LLC and LLOG Exploration Offshore, LLC*

Of Counsel:

ALLEN & GOOCH
A LAW CORPORATION

Randy Theunissen (SBOT #00795174)
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA 70598-1129
Telephone: (337) 291-1240
Fax: (337) 291-1245
Email: RandyTheunissen@AllenGooch.com

BROWN SIMS, P.C.

/s/*Melanie Fordyce*
Michael D. Williams
State Bar No. 21564330
Federal I.D. 6982
*mwilliams@brownsims.com*
John G. H. Davis
State Bar No. 24012507
*jdavis@brownsims.com*
Melanie G. Fordyce
State Bar No. 24206702
Federal I.D. No. 1179595
*mfordyce@brownsims.com*
1177 West Loop South, 10th Floor
Houston, Texas 77027
Telephone:  (713) 629-1580
Facsimile:  (713) 629-5027

*Attorneys for Defendant,*
*Grand Isle Shipyard, LLC*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the above and foregoing instrument has this day been served on all parties through the Court's electronic filing system and as noted below in accordance with the Federal Rules of Civil Procedure:

( ) Hand Delivery     ( ) Prepaid U.S. Mail     ( ) U.S. Mail/CMRRR
(X) Email     ( ) Facsimile     ( ) Overnight Mail Service

Lafayette, Louisiana, this 8th day of February 2022.

John D. Sheppard
Daniel Sheppard
MORROW & SHEPPARD, LLP
3701 Kirby Drive, Suite 1000
Houston, TX 77098

_____
ALAN J. MECHE (SBOT#24025530)

13