IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| VS. | § | C.A. NO. 4:19-CV-2328 |
| | § | |
| TRANSOCEAN DRILLING (USA), | § | |
| INC., ET AL. | § | |

**PLAINTIFF'S RESPONSE TO GULF LOGISTICS, LLC'S FIRST INTERROGATORIES TO PLAINTIFF**

Now comes Plaintiff Mark Flora (hereinafter "Plaintiff") and pursuant to the Federal Rules of Civil Procedure, hereby serves these answer to Defendant Gulf Logistics, LLC's first set of interrogatories to Plaintiff.

MORROW & SHEPPARD LLP

*/s/ Daniel E. Sheppard*
John D. Sheppard (attorney-in-charge)
State Bar No. 24051331
Fed Bar No. 635193
jsheppard@morrowsheppard.com
Nicholas A. Morrow
State Bar No. 24051088
nmorrow@morrowsheppard.com
Daniel E. Sheppard
State Bar No. 24103929
dsheppard@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
Telephone:   (713) 489-1206
Facsimile:   (713) 893-8370

***Attorneys for Plaintiff***


EXHIBIT 4

## **CERTIFICATE OF SERVICE**

I certify that on November 29, 2019 a copy of this document was served on all counsel of records via email.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard

# I.

## GENERAL OBJECTIONS

1. Plaintiff objects to the definitions and instructions accompanying the requests to which these responses are made (the "Requests") to the extent they seek to impose broader or more onerous obligations or duties on Plaintiffs than those imposed by the applicable rules of civil procedure. Plaintiffs' objections and responses, and supplemental objections and responses, if any, will be made solely in accordance with the applicable rules of civil procedure.

2. Plaintiff generally objects to the Requests to the extent they exceed the scope of allowable discovery, as they do not seek information that is relevant and, in fact, seek information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to these Requests to the extent they prematurely inquire about matters requiring expert opinion or testimony. Plaintiffs will provide information on expert testimony, if and when required by the Court Rules and/or Pretrial Orders.

4. Plaintiff objects to producing any information protected by attorney client or work product or any other applicable privileges. All such information has been withheld.

5. Plaintiff reserves its rights, provided under the applicable rules of civil procedure, to supplement its answers and responses in accordance with those rules.

6. These objections apply, and are incorporated by reference into the response, to each request regardless of whether or not expressly so stated in the response.

INTERROGATORY NO. 1:

Mr. Flora, please tell the Court and Jury in as much detail as you can today, in your own words, not a legal opinion, what happened in the accident or incident you allege.

> ANSWER: Objection, vague, calls for a legal conclusion, overbroad, and unduly burdensome. Subject thereto, On or about May 24, 2017, Plaintiff was working aboard the improperly navigated, staffed, and operated Maggie A. During an operation designed to transfer cargo off of the Maggie A, Plaintiff was injured. On information and belief, the headache ball was attached to an inadequately sized and improperly operated stinger cranes. Prior to the Incident, on information and belief, the cargo was improperly loaded. The Defendants had a pattern and practice of neglecting safety issues, and of attempting to minimize safety issues and other issues at the vessels/platforms they operated and controlled. On information and belief, JSAs were skipped by superiors and supervisors. The vessel/platform has a history of safety violations. Plaintiff further incorporates his deposition testimony, deposition testimony of all Defendants, expert depositions as well as the expert reports, as well as all other deposition testimony as to these issues. Plaintiff further incorporates his summary judgment briefing and evidence. Plaintiff reserves the right to supplement.

INTERROGATORY NO. 2:

Identify the last date you received medical care for injuries you allege were sustained as a result of the incident described in your lawsuit.

> ANSWER: Plaintiff's last visit to a hospital/clinic was in May 2018. Plaintiff continues to experience pain and may require additional treatment. Plaintiff reserves the right to supplement.

INTERROGATORY NO. 3:

If you claim that Gulf Logistics LLC or your employer failed to provide you with a safe place to work, please specifically state each unsafe condition you contend caused or contributed to the accident or incident.

> ANSWER: Plaintiff incorporates his objections and response to Interrogatory No. 1. Plaintiff reserves the right to supplement.

INTERROGATORY NO. 4:

In your own opinion as a member of a boat crew, not a legal opinion, please identify all of the ways in which you believe the boat Maggie A was unseaworthy, dangerous, or otherwise unsafe, if you believe this.

> ANSWER: Plaintiff objects to this request as premature and unduly burdensome as discovery is just underway. Subject thereto, Plaintiff incorporates his deposition testimony

on these issues and his expert disclosures and expert testimony on liability. Plaintiff further responds as follows:

On information and belief, the Maggie A had many issues. By way of example, exhaust was being pumped into the generator room, which caused the crew to experience headaches and other medical issues associated with exposure to exhaust. Supervisors often would not listen to crew complaints. Captain(s) would permit work to be performed unsafely and/or order crew to work in unsafe conditions (i.e. carrying metal on deck during a lightning storm). Cargo would be loaded incorrectly, obstructing the view of the Captain. Proper equipment would not be used/provided (i.e. stringer cranes, headache balls, d-rings, and etc.).

INTERROGATORY NO. 5:

Other than this lawsuit, have you ever had a lawyer representing you in the last 15 years for claims and/or allegations of personal injuries?

ANSWER: No.

INTERROGATORY NO. 6:

List your current residence and any residence you have maintained in the last ten (10) years.

ANSWER: 4162 Erie Street; Houston, Texas 77087.

INTERROGATORY NO. 7:

Identify your current employer, the date you went to work for the employer and your rate of pay.

ANSWER: Objection, vague. Smith Maritime; October 2017; Approximately $425/day.

INTERROGATORY NO. 8:

For each other lawsuit (civil, criminal, and/or bankruptcy) in which you have ever been engaged, state the date, court, style, docket number, and resolution of the case.

ANSWER: Objection, not reasonably calculated to lead to the discovery of admissible evidence, harassing. U.S. Bankruptcy Court; Southern District of Texas (Houston) Bankruptcy Petition #: 16-33826.

INTERROGATORY NO. 9:

Identify each employer who has ever employed you in the last 15 years, the nature of the employment, the dates of each employment, your rate of pay under each employer, and the reasons of termination from each job.

ANSWER: Objection, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Subject thereto: Smith Maritime; October 2017 to Present.

INTERROGATORY NO. 10:

List your income for the seven (7) taxable years preceding the incident in question through the present, showing the source of each item of income and the amount of gross income earned from each source.

ANSWER: Objection, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Subject thereto, Plaintiff will execute a release with reasonable limitations and agreement on use and scope.

INTERROGATORY NO.11:

Identify all sources of income that you have received since the incident made the basis of this suit, including dollar values for each item of income and the sources of that income (e.g. wages, unemployment compensation, workers' compensation, maintenance and cure benefits, disability compensation, gifts, etc.).

ANSWER:  Smith Maritime
Gilbert Trucking ($30,000)
Cashman (5 days $650/day)

INTERROGATORY NO. 12:

State the name, address, and telephone number of all persons (including specially retained experts) known by you or believed by you to have knowledge of facts relevant to the subject matter of this law suit (including but not limited to eye witnesses to the alleged incident) and a brief statement of each person's connection to the case.

ANSWER: Plaintiff will supplement. Plaintiff has not made a decision regarding experts, but will supplement when a decision is made.

INTERROGATORY NO. 13:

If you are claiming maintenance is due and/or believe the rate paid is incorrect, identify the rate of maintenance you believe is supported by evidence and the method of calculating same.

ANSWER: Plaintiff cannot answer this question at this time. Plaintiff requires documentation from Defendant(s) to fully respond to this interrogatory. Plaintiff will supplement.

INTERROGATORY NO. 14:

Identify any and all employees of Gulf Logistics, LLC and/or Gulf Logistics Operating, Inc. that you have communicated with since your last day on the Maggie A and whether same was in person, by telephone, email or any social media platform.

> ANSWER: Objection, vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Subject thereto, Plaintiff worked on another GOL vessel as a captain following the Incident. Plaintiff does not recall who he spoke with.

INTERROGATORY NO. 15:

If you, your attorney, or your agent has obtained a statement from any employee of any Defendant or potential party, please state the name, address, and telephone number of such employee, and either quote verbatim the statement(s) taken or attach of a copy of each statement.

> ANSWER: Plaintiff incorporates his deposition testimony on these issues and his expert disclosures and expert testimony on liability. Plaintiff further responds as follows: N/A. Plaintiff will supplement if/when a statement is obtained.

INTERROGATORY NO. 16:

For each person from whom you have obtained a written or recorded statement related to this accident, state the name of that person, address of that person, telephone number of that person, and the date of such statement.

> ANSWER: Plaintiff incorporates his deposition testimony on these issues and his expert disclosures and expert testimony on liability. Plaintiff further responds as follows: Plaintiff further responds as follows: N/A. Plaintiff will supplement if/when a statement is obtained.

INTERROGATORY NO.17:

Please state whether any photographs have been taken of the vessel Maggie A at any time by you or on your behalf and if so, identify the number of photographs, the date said photographs were taken, the photographer and the present location of the photographs.

> ANSWER: None.

INTERROGATORY NO. 18:

Identify all persons or entities that you sought employment from between the date of the accident sued upon to the present day.

> ANSWER: Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. Subject thereto, Plaintiff applied to Chouest and at Harvey International Offshore.

INTERROGATORY NO. 19:

Identify any and all physicians and /or healthcare practitioners which you have seen subsequent to the incident alleged in the lawsuit, each medical problem for which you sought treatment, and the approximate date(s) of treatment.

>ANSWER: Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. Subject thereto, Plaintiff incorporates the information contained within the medical records produced.

INTERROGATORY NO. 20:

Identify any and all physicians and/or healthcare practitioners which you have used within fifteen (20) years prior to the incident, the medical problem for which you sought treatment, and the approximate date(s) of treatment.

>ANSWER: Objection, vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence.