IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: |
| | § | 4:19-CV-2328 |
| TRANSOCEAN DRILLING (USA), | § | |
| INC., ET AL. | § | |
| *Defendants.* | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO REOPEN DISCOVERY BASED ON NEW EVIDENCE AND TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM PLAINTIFF[1]**

Plaintiff, Mark Flora, files this Response to Defendants' Motion to Reopen Discovery Based on New Evidence and to Compel Supplemental Discovery Responses from Plaintiff ("Plaintiff's Response").

## I.   SUMMARY OF ARGUMENT

The Defendants have sought to continue the discovery deadline in this case for a sixth time. The Defendants claim that Plaintiff did not provide them with information regarding the identities of post-incident employers and the name of a hospital that treated Plaintiff for a post-incident injury. Plaintiff provided the

---

[1] This is the document title chosen by Defendants. As will be discussed in Plaintiff's Response, Defendants failed to timely seek the evidence they are now claiming as "new" and now seek to disproportionally expand discovery after the discovery deadline and multiple trial settings.

information that he knew. Defendants also seek additional information regarding Plaintiff's post-incident employers and medical examinations. Defendants request to extend the discovery deadline should be denied along with their request that Plaintiff supplement his discovery responses.

As part of discovery, Plaintiff disclosed a few post-incident employers, including one called Cashman. Plaintiff did not recall the full legal name for that post-incident employer, but he provided Defendants with the information he knew. Defendants used this information and subpoenaed records from a Cashman company called Cashman Scrap & Salvage, LLC. There is no evidence or explanation as to why Defendants chose to subpoena only Cashman Scrap & Salvage, LLC and no other Cashman company. This is especially troubling because Defendants were informed by Cashman Scrap & Salvage, LLC, in September 2020, that Plaintiff did not work for them. Nevertheless, after learning this, Defendants chose not to seek documents from any other Cashman company until well after the close of discovery. Discovery into Plaintiff's post-incident employers should not be reopened. Defendants should have sought the discovery during the discovery period.

Following the Incident that forms the basis of this lawsuit, Plaintiff suffered an injury to his back. Plaintiff disclosed this injury during his deposition in February 2020. Plaintiff did not recall the hospital he visited but knew that he went to a hospital in Morgan City, Louisiana. At the time of the injury, Plaintiff was working

for Smith Maritime, Inc. Defendants subpoenaed records from Smith Maritime, Inc. Defendants chose not to seek documents related to: (a) injuries Plaintiff sustained while working for Smith Maritime, Inc.; (b) reports of any injury or illness sustained Plaintiff sustained while working for Smith Maritime, Inc.; or (c) medical records for treatment Plaintiff received for injuries sustained while working for Smith Maritime. Requesting the appropriate documents from Smith Maritime, Inc. and/or performing a Google search and making a couple phone calls would have been sufficient for Defendants to (a) identify the appropriate hospital and (b) obtain the records without looking to Smith Maritime, Inc. records.

Because of Defendants inaction, they did not identify the correct Cashman entity that employed Plaintiff and failed to identify the hospital that treated Plaintiff for a back injury. Notably, Defendants spent two years failing to do these things.

Defendants' failure to seek discovery on these issues for the past two years should not be rewarded by granting them a continuance.

## II. BACKGROUND

A. THE DISCOVERY DEADLINE HAS ALREADY BEEN CONTINUED FIVE TIMES— DEFENDANTS NOW ASK FOR THE DISCOVERY DEADLINE TO BE CONTINUED FOR A SIXTH TIME

Plaintiff was injured as a deckhand aboard the *Maggie A* maritime vessel off the coast of Louisiana on or about May 25, 2017, when a headache ball weighing

several hundred pounds struck his shoulder and foot (the "Incident"). This is a personal injury tort case that was filed in 2019.

This case is more than two years old, and the discovery deadline has been extended five times over 18 months so the parties could evaluate their legal positions and conduct discovery (if they wished):

- The original discovery cutoff date for this case was March 31, 2020. *See* Doc. 18. The original trial setting was for the September/October 2020 trial docket. *See* Doc. 18.

- On January 30, 2020, the Scheduling Order was amended by the Court. *See* Doc. 34. The discovery deadline was extended until June 30, 2020. *See* Doc. 34. The trial was set for the December 2020 trial term. *See* Doc. 34.

- On June 2, 2020, the Court amended the Scheduling Order. *See* Doc. 36. The discovery deadline was extended until September 30, 2020, and the trial was reset to the February 2021 trial term. *See* Doc. 36.

- On October 30, 2020, the Court amended the Scheduling Order. *See* Doc. 42. The discovery deadline was extended until April 2, 2021, and the trial was reset to the August 2021 trial term. *See* Doc. 42.

- On March 29, 2021, the Court amended the Scheduling Order. *See* Doc. 49. The discovery deadline was extended until June 2, 2021. *See* Doc. 49.

- On June 25, 2021, Defendants filed a motion for continuance. *See* Doc. 55. The Court ultimately granted Defendants' motion for continuance. *See* Doc. 58. The Court extended the discovery deadline until September 21, 2021. *See* Doc. 58.

The Defendants now seek a sixth continuance of the discovery deadline to conduct additional discovery, including taking at least two medical depositions. Defendants also request that Plaintiff supplement his discovery responses.[2]

B. THERE IS NO GOOD CAUSE TO PROVIDE DEFENDANTS WITH A SIXTH EXTENSION OF THE DISCOVERY DEADLINE

    *a. The Cashman Employment Records Defendants Chose Not to Seek*

More than two years ago, on February 19, 2020, the Defendants took the deposition of Plaintiff. *See* Exhibit 1 (Flora Deposition).[3] At that deposition, Plaintiff identified employers that he worked for following the Incident, including Cashman:

    19 Q During the period of time that you worked for

    20 Smith Maritime, October '17, roughly to the present, is

    21 there any other employment that you've had when you are

    22 home, other than hotshot, because you've already told us

---

[2] Notably, Defendants did not seek to compel any documents or responses to interrogatories prior to the motion cutoff date.
[3] The last four digits of Plaintiff's social security number and his home address have been redacted from the deposition transcript.

- 5 -

    23 about that?

    24 A Yes. Cashman, I believe is the name of the

    25 tugboat company.

*See* Exhibit 1 at 42:19-25 (Flora Deposition). Plaintiff also identified Cashman as his employer in an interrogatory response.

The evidence shows that Plaintiff identified the name of his employer to the best of his ability. *See* Exhibit 1 at 42:19-25 (Flora Deposition). With this information in hand, Defendants, after waiting several months, subpoenaed the records from one Cashman company. *See* Exhibit 2 (Cashman Scrap & Salvage, LLC DWQ).[4] On September 17, 2020, the Defendants learned that company had no records for Plaintiff and that Plaintiff did not work for Cashman Scrap & Salvage, LLC. *See* Exhibit 2 (Cashman Scrap & Salvage DWQ).

After learning Cashman Scrap & Salvage, LLC did not employ Plaintiff, did Defendants reach out to counsel for Plaintiff and ask him to look into this? No. Did Defendants subpoena a separate Cashman company? No. The evidence shows that Defendants conducted no other discovery on this issue for nearly two years. Plaintiff apparently worked for a Cashman company called Servicio Marina Superior, LLC. This entity can be found on Cashman's website:

---

[4] The subpoena was issued by Grand Isle Shipyard, LLC.



*See* https://4barges.com/en/contact/servicio-marina.

This choice problematic for Defendants because it diverges from the picture they attempt to paint for the Court. The reality is that Defendants chose to seek documents solely from Cashman Scrap & Salvage, LLC. After learning Cashman Scrap & Salvage, LLC did not employ Plaintiff, Defendants chose not seek documents from any other Cashman company. Defendants then chose to wait over a year (and three months outside the discovery deadline) to seek documents from the appropriate Cashman company. Defendants made choices as to what discovery they would seek and when they would seek it, and what discovery they would not seek. Defendants should not be allowed to reopen discovery on this issue because they are disappointed with their choices.

b. *The Medical Records Defendants Chose Not to Seek*

During his deposition, Plaintiff was asked whether he had received any medical attention for a back injury. *See* Exhibit 1 at 47:20-22 (Flora Deposition). Plaintiff disclosed that he suffered a back injury while working for Smith Maritime,

LLC. *See* Exhibit 1 at 45:1-9 (Flora Deposition). Moreover, Plaintiff admitted to receiving treatment for a back injury in Morgan City, Louisiana.[5] Defendants subpoenaed records from the company that employed Plaintiff at the time of this unrelated, post-incident back injury. *See* Exhibit 3 (DWQ to Smith Maritime, Inc.). Defendants chose not to seek documents related to: (a) injuries Plaintiff sustained while working for Smith Maritime, Inc.; (b) reports of any injury or illness sustained Plaintiff sustained while working for Smith Maritime, Inc.; or (c) medical records for treatment Plaintiff received for injuries sustained while working for Smith Maritime. *See* Exhibit 3 (DWQ to Smith Maritime, Inc.).[6] Had Defendants asked Smith Maritime, LLC for Plaintiff's medical records, perhaps they would have them.

Moreover, based on documents produced after the discovery period, it appears that Plaintiff was treated at Teche Regional Medical Center in Morgan City, Louisiana. Undersigned performed a Google search with the terms "Morgan City Hospital" and the following were the page one search results:[7]

---

[5] Plaintiff identified the city and state where he received treatment. Plaintiff did not know the name of the hospital/clinic.

[6] Defendants did request insurance records and workers' compensation records. Defendants did not specifically ask for medical records or records reflecting incidents and/or injuries while Plaintiff was working for Smith Maritime, LLC.

[7] https://www.google.com/search?q=morgan+city+hospital&rlz=1C1GCEU_en&oq=morgan+city+ho&aqs=chrome.0.69i59j46i175i199i512j69i57j0i512j46i175i199i512j0i512l2j69i60.2860j0j7&sourceid=chrome&ie=UTF-8



The Teche Regional Medical Center is the second result on Page 1 of Google. Defendants could have identified of the name of the facility that treated Plaintiff by making a couple phone calls. Defendants chose not to do this.

Simply put, Defendants did nothing with information they received during Plaintiff's deposition.[8] Defendants' chosen inaction should not be rewarded with a sixth continuance.

C. *Defendants' Request to Conduct Additional Depositions Should be Denied*

Defendants claim they need to reopen discovery to take the depositions of medical providers who are outside the Court's subpoena power. While this may be true, that is not a basis to extend the discovery deadline (for a sixth time). As discussed *supra*, Plaintiff disclosed the location where he received treatment for an unrelated injury approximately two years ago—Plaintiff did not know the name of

---

[8] As to the records from Bourgeois Medical Clinic, those are records for a pre-employment examination Plaintiff underwent. Plaintiff did not have those documents in his possession, and it does not appear that Plaintiff received any medical care from this facility.

- 9 -

the hospital. After being given that information, Defendants made the choice not to seek discovery from the hospitals in Morgan City, Louisiana (as noted earlier the Teche Regional Medical Center is the second hospital identified by Google). Had Defendants made efforts to seek discovery from hospitals in Morgan City, Louisiana, they would have identified the physician that treated Plaintiff for a back injury.

It is worth noting that Defendants' efforts to seek discovery from a physician that examined Plaintiff have been lackluster. Defendants previously sought the deposition of a physician who performed a physical on Plaintiff. The physician who performed the physical did not appear for his deposition. Defendants chose not to take any action to secure the physician's testimony following the non-appearance.

Defendants' request to reopen discovery is just another attempt to do something they should have done years ago. The Court should deny Defendants' request to take additional depositions.

*D. Past Agreements to Extend Deadlines*

Defendants note in their Motion that the parties have agreed to extend deadlines in the past, namely Plaintiff's deadline to respond to Defendants' Motions for Summary Judgment and Plaintiff's deadline to designate another expert following the passing of John Pierce. It is unclear if Defendants are suggesting this

should be a basis for extending deadlines for Defendants' inaction. In any case, it is not. Defendants are comparing apples to oranges.

Plaintiff requested that his deadlines to file responses to Defendants' Motions for Summary Judgment to be extended, *inter alia*, because Plaintiff needed to take depositions that had been requested well before those motions were filed.[9] The Court granted those requests. Further, Plaintiff requested that he be allowed to designate an expert in place of John Pierce due to his unexpected passing.

Extending a response deadline because Defendants filed Motions for Summary Judgment after necessary depositions had been requested, but before the they could be taken is not the same as deciding not to pursue discovery. Further, extending a deadline to designate an expert in place of another that had passed away is not the same choosing not to request documents from third parties that Plaintiff disclosed to the best of his ability. Any argument or suggestion that the discovery deadline should be extended on these bases is meritless.

### III. ARGUMENT AND AUTHORITY

A. DEFENDANTS CANNOT DEMONSTRATE GOOD CAUSE

---

[9] Defendants make note that Plaintiff noticed a deposition shortly before the expiration of the prior discovery period. Defendants fail to tell the Court that Plaintiff requested that deposition by April 20, 2021, which was more than two months prior to the applicable discovery deadline and more than two months before LLOG Exploration Offshore, LLC filed their Motion for Summary Judgment.

There is no good cause to reopen discovery in this case. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The Court considers four factors to determine whether good cause exists for modifying the scheduling order: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification of the scheduling order; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* at 546. The district court has discretion to determine whether good cause to grant leave to amend exists. *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019) ("This court reviews a district court's decision denying a motion for leave to amend for abuse of discretion."). These same factors guide the Court's decision to allow an untimely motion to reopen discovery. *U.S. v. McFerrin*, 2007 WL 4353709, *1 (S.D. Tex. Dec. 11, 2007) (examining good cause to reopen discovery).

### B. DEFENDANTS CANNOT JUSTIFY THEIR FAILURE TO ADHERE TO THE DISCOVERY DEADLINE

Defendants do not have a genuine basis for failing to adhere to the discovery deadline—they chose not to use the information Plaintiff provided to obtain discovery. Plaintiff provided Defendants with the information they needed to obtain

the records they now claim to be important. In response, Defendants (a) chose not to seek records from the Cashman entity that employed Plaintiff; (b) chose not to seek records reflecting injuries sustained by Plaintiff while he worked for Smith Maritime, Inc. (which would presumably consist of records from Teche Regional Medical Center in Morgan City, Louisiana); and (c) chose not to pursue a deposition of a physician that examined Plaintiff. Defendants chose not to expeditiously pursue discovery and adhere to the already extended discovery deadline. This factor weighs against modifying the discovery deadline.

### C. THERE IS NO IMPORTANCE IN MODIFYING THE DISCOVERY DEADLINE FOR A SIXTH TIME

Defendants own behavior illustrate that there is no importance in modifying the discovery deadline.

As it relates to Plaintiff's post-employment records from Cashman, Defendants (a) after learning Plaintiff did not work for Cashman Scrap & Salvage, LLC, Defendants chose not seek documents from any other Cashman company; (b) chose to wait over a year (and three months outside the discovery deadline) to seek documents from the appropriate Cashman company; and (c) chose what discovery they would seek, when they would seek it, and what discovery they would not seek.

As it relates to the medical records from Teche Regional Medical Center, after Plaintiff told Defendants that he was injured while working for Smith Maritime, Inc. and that he sought treatment in Morgan City, Louisiana, Defendants chose not to

seek documents related to: (a) injuries Plaintiff sustained while working for Smith Maritime, Inc.; (b) reports of any injury or illness sustained Plaintiff sustained while working for Smith Maritime, Inc.; or (c) medical records for treatment Plaintiff received for injuries sustained while working for Smith Maritime.  *See* Exhibit (DWQ to Smith Maritime, Inc.).  As previously discussed, Defendants failed to perform a simple Google search or contact any of the hospitals in the Morgan City, Louisiana area.  Defendants did nothing with the information Plaintiff provided to them in written discovery and/or testimony.  Defendants cannot now genuinely claim that amending the scheduling order to permit additional discovery is important—their actions say otherwise.

Defendants also argue that amending the discovery deadline to allow them to take depositions of more medical providers (despite the fact that several depositions of Plaintiff's treating medical providers have already taken place), is important. Defendants' argument does not match their actions in this case.  Defendants previously sought to take the deposition of a physician that examined Plaintiff. When the physician did not show for his deposition, did Defendants file a Motion to Show Cause?  No.  Did Defendants file a Motion for Contempt?  No.  Did Defendants do anything else to try and secure the testimony of the physician that examined Plaintiff?  No.

Defendants cannot now genuinely argue that it is vitally important for them to conduct additional depositions.

### D. PLAINTIFF WILL BE PREJUDICED IF THE COURT AMENDS THE DISCOVERY DEADLINE

Defendants' choice not to timely pursue discovery it now claims to be important should not be rewarded. Extending the discovery deadline solely so Defendants can conduct discovery is one-sided and would be prejudicial to Plaintiff. As previously briefed, Defendants spent more than a year choosing to not seek certain discovery. Additional delay premised on extending the discovery deadline to seek information that should have been requested years ago is prejudicial and Plaintiff.

### E. A CONTINUANCE WOULD ONLY EXACERBATE PLAINTIFF'S PREJUDICE

Moreover, such an extension would cause undue delay and may require the Court to reset the current trial. Such disruption to the Court's docket is unwarranted. *In Reliance Insurance Company v. Louisiana Land & Exploration Company*, 110 F.3d 253, 258 (5th Cir.1997), the Fifth Circuit stated: "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *In Guillory v. Domtar Industries Inc.*, 95 F.3d 1320, 1332 (5th Cir.1996), the Fifth Circuit held: "It is well established that the district court is entitled the [sic] manage its court room and docket." *In Freeman v. Continental Gin Company*, 381 F.2d 459, 469 (5th Cir.1967), the Fifth Circuit stated

that: "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."

This factor weighs against modifying the discovery deadline.

F. DEFENDANTS REQUEST TO SUPPLEMENT DISCOVERY

Discovery must be proportional to the needs of the case. *See Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015). The Incident that forms the basis of this lawsuit occurred in May 2017, nearly five years ago. Defendants request for further supplementation is not proportional to the needs of the case. Defendants' request that Plaintiff supplement certain discovery responses should be denied.

## IV. CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court deny Defendants Motion and for all other relief Plaintiff may be justly entitled.

        Respectfully submitted,

        MORROW & SHEPPARD LLP

        /s/ *Daniel E. Sheppard*
        John D. Sheppard
        State Bar No. 24051331
        Federal I.D. 635193
        Daniel E. Sheppard
        State Bar No.  24103929
        Federal I.D.  3120079
        *msfiling@morrowsheppard.com*
        *jsheppard@morrowsheppard.com*
        *dsheppard@morrowsheppard.com*
        5151 San Felipe Street
        Houston, Texas 77056
        Telephone:  (713) 489-1206
        Facsimile:  (713) 893-8370
        *Attorney for Plaintiff*
        *Mark Flora*

## Certificate of Service

I hereby certify that on March 1, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system.  Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

        */s/Daniel E. Sheppard*
        Daniel E. Sheppard