# NO RECORDS

| | |
|---|---|
| STYLE OF CASE: | **MARK FLORA** |
| | vs. |
| | **TRANSOCEAN DRILLING (USA), INC., ET AL.** |
| CASE NO.: | **4:19-CV-2328** |
| PERTAIN TO: | Mark Flora |
| FROM: | Cashman Scrap & Salvage LLC Employment |
| DELIVER TO: | Michael D. Williams<br>Brown Sims, P.C.<br>1177 West Loop South, 10th Floor<br>Houston, TX  77027<br>Ryan Brown |

Order No. **14129.033**


EXHIBIT 3

GIS-FLORA 001049

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK FLORA | § § § |
| vs. | §   4:19-CV-2328 § |
| TRANSOCEAN DRILLING (USA), INC., ET AL. | § § § |

## NOTICE OF DELIVERY

RE:  **Cashman Scrap & Salvage LLC (Employment)**
I, *Cari M. Collins*, Notary Public in and for the State of Texas, hereby certify pursuant to the Rule 26 and 31, Federal Rules of Civil Procedure,

1. That this Deposition by Written Questions (No Records) of **Raymond Riddle**, the Custodian of Records for the above named is a true and exact duplicate of the records pertaining to **Mark Flora**, given by the witness named herein, after said witness was duly sworn by **Robert J Losciuto**;

2. That the transcript is a true record of the testimony given by the witness;

3. That **$ 135.00** is the charge for the preparation of the completed Deposition by Written Questions (No Records) and any copies of exhibits, charged to Attorney for **Defendant, Michael D. Williams, TBA # 21564330**;

4. That the Deposition by Written Questions (No Records) was submitted to the witness for examination, signature and returned to the officer by **09/17/2020 9:00AM**;

5. That changes, if any made by the witness, in the transcript and otherwise are attached thereto or incorporated therein;

6. That the witness returned the transcript;

7. That the original deposition by Written Questions (No Records) and a copy thereof, together with copies of all exhibits was delivered to the attorney or party who Noticed the first questions for safekeeping and use at trial;

8. That pursuant to information made a part of the records at the time said testimony was taken, the following includes all parties of record:
   Alan J. Meche (Allen & Gooch)
   Daniel E. Sheppard (Morrow & Sheppard, LLP)
   John D. Sheppard (Morrow & Sheppard, LLP)
   John G. H. Davis (Brown Sims, P.C.)
   Melanie G. Fordyce (Brown Sims, P.C.)
   Michael D. Williams (Brown Sims, P.C.)
   Nicholas A. Morrow (Morrow & Sheppard, LLP)
   Randy Theunissen (Allen & Gooch)
   Transocean Drilling (U.S.A.) Inc. (Transocean Drilling (U.S.A.) Inc.)
and
9. A copy of this Notice of Delivery was served on all parties shown herein.
GIVEN UNDER MY HAND AND SEAL OF OFFICE ON Wednesday, November 25, 2020.
**Champion Records Service, LLC**
9039 Katy Freeway, Suite 336
Houston, TX 77024
877-290-4224    Fax 877-825-0789



Notary Public in and for the State of Texas

Order No. 14129.033

GIS-FLORA 001050

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:19-CV-2328 |
| | § | |
| TRANSOCEAN DRILLING | § | |
| (USA), INC., ET AL. | § | |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Plaintiff by and through their attorney(s) of record:
**Daniel E. Sheppard, John D. Sheppard and Nicholas A. Morrow (Morrow & Sheppard, LLP)**

To Gulf Logistics Operating, LLC and Gulf Logistics, LLC by and through their attorney(s) of record:
**Alan J. Meche and Randy Theunissen (Allen & Gooch)**

To Defendant: **Transocean Drilling (U.S.A.) Inc.**

You will please take notice that fourteen (14) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

**Seabulk Offshore, LLC (Employment)**
**Cashman Scrap & Salvage LLC (Employment)**
**Fugro USA Marine, Inc. (Employment)**
**Citywide Courier Service, LLC (Employment)**
before a Notary Public for   **Champion Records Service, LLC**
9039 Katy Freeway, Suite 336
Houston, TX 77024
877-290-4224   Fax 877-825-0789

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:

**Mark Flora**

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

| John G. H. Davis | Melanie G. Fordyce | Michael D. Williams |
|---|---|---|
| Brown Sims, P.C. | Brown Sims, P.C. | Brown Sims, P.C. |
| 1177 West Loop South, 10th Floor | 1177 West Loop South, 10th Floor | 1177 West Loop South, 10th Floor |
| Houston, TX 77027 | Houston, TX 77027 | Houston, TX 77027 |
| 713-629-1580   Fax 713-629-5027 | 713-629-1580   Fax 713-629-5027 | 713-629-1580   Fax 713-629-5027 |
| Attorney for Defendant | Attorney for Defendant | Attorney for Defendant |
| SBA # 24012507 | SBA # 24067602 | SBA # 21564330 |
| Fed Admin # 24428 | Fed Admin # 1179595 | Fed Admin # 6982 |
| Email: jdavis@brownsims.com | Email: mfordyce@brownsims.com | Email: mwilliams@brownsims.com |

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, FAX, and/or certified mail, return receipt requested, on this day.

Dated: July 21, 2020                                         by /S/ **Michael D. Williams**

Order No. 14129                                                                    GIS-FLORA 001051

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| MARK FLORA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:19-CV-2328 |
| TRANSOCEAN DRILLING (USA), INC., ET AL. | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Cashman Scrap & Salvage LLC
c/o Its Registered Agent, James M. Cashman, 9182 Highway 182, Amelia, Louisiana, 70340

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Cashman Scrap & Salvage LLC c/o Its Registered Agent, James M. Cashman, 9182 Highway 182, Amelia, Louisiana, 70340 | Date and Time: 08/07/2020 10:00 am |
|---|---|

The deposition will be recorded by this method: **WRITTEN QUESTIONS**

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all personnel records, including, but not limited to, employment records, applications, references, training manuals, training completed, awards, reprimands, evaluations, disciplinary records, insurance records, benefits and workers' compensation records, as well as, any and all payroll records, including, but not limited to, all records/documents reflecting wages earned, W-2 forms and/or 1099 forms, and time sheets

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/21/2020

*CLERK OF COURT*

OR

_____          s/b Michael D. Williams
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendant** Grand Isle Shipyard, LLC, who issues or requests this subpoena, are:
Michael D. Williams, Brown Sims, P.C., 1177 West Loop South, 10th Floor, Houston, Texas, 77027
713-629-1580 (P), 713-629-5027 (F), Email: mwilliams@brownsims.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Order No. 14129.033

GIS-FLORA 001052

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:19-CV-2328

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:19-CV-2328 |
| | § | |
| TRANSOCEAN DRILLING | § | |
| (USA), INC., ET AL. | § | |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **Cashman Scrap & Salvage LLC**
Records Pertaining To: Mark Flora
Type of Records:  Any and all personnel records, including, but not limited to, employment records, applications, references, training manuals, training completed, awards, reprimands, evaluations, disciplinary records, insurance records, benefits and workers' compensation records, as well as, any and all payroll records, including, but not limited to, all records/documents reflecting wages earned, W-2 forms and/or 1099 forms, and time sheets

1. Please state your full name and telephone number.

   Name: **RAYMOND RIDDLE**

   Phone Number: **781-971-8465**

2. Please state by whom you are employed and the business address.

   Employer: **Cashman Scrap & Salvage**

   Address: **9182 Highway 182, Amelia, LA 70340**

3. What is the title of your position or job?

   Answer: **SVP**

4. Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named entity, in your custody or subject to your control, supervision or direction?

   Answer: **Mark Flora never worked for Cashman Scrap.**

5. Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

   Answer: **N/A**

Order No. 14129.033

GIS-FLORA 001055

6. Please hand to the Officer taking this deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4. Have you complied? If not, why?

   Answer: N/A

7. Are the copies which you have handed to the Officer taking this deposition true and correct copies of such memoranda, reports, records, or data compilations.

   Answer: N/A

8. Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

   Answer: N/A

9. Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record?

   Answer: N/A

10. Were the entries on these records made at or shortly after the time of the transaction recorded?

    Answer: N/A

11. What is the retention period of these types of records?

    Answer: N/A

12. Was the method of preparation of these records trustworthy?

    Answer: N/A

_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this 17th day of September, 20 20.

_____
NOTARY PUBLIC

My Commission Expires: 4/22/2027

Order No. 14129.033

ROBERT J LOSCIUTO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 22, 2027

GIS-FLORA 001056