IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| VS. | § | C.A. NO. 4:19-CV-2328 |
| | § | |
| TRANSOCEAN DRILLING (USA), INC., ET AL. | § § | |

## DEFENDANTS' OBJECTIONS TO MARK FLORA'S EXHIBITS

TO THE HONORABLE JUDGE DAVID HITTNER:

COME NOW, Defendants Gulf Logistics Operating, Inc., Gulf Logistics, LLC, LLOG Exploration Offshore, LLC and Grand Isle Shipyard, LLC, who file the following objections to Mark Flora's trial exhibits.

### 1. Plaintiff's Exhibit 1 and Exhibit 51: Root Cause Analysis

Defendants object to the exhibit on the basis that the Root Cause Report constitutes inadmissible hearsay because Plaintiff seeks to offer the reports into evidence "to prove the truth of the matter[s] asserted" in the report. *See* FED R. EVID. 801(c). Hearsay statements are generally inadmissible because oath, personal appearance at trial, and cross-examination are the best mechanisms to ensure truthful and accurate testimony. *Moss v. Ole So. Real Estate*, 933 F.2d 1300, 1305 (5th Cir. 1991). As a general rule, investigative and accident reports "are out-of-court

statements offered for the truth of the matters asserted therein and therefore constitute hearsay" under Rule 801(c). *Iglinsky v. Player*, No. 08–650–BAJ–CN, 2010 WL 4935000, p. 5 (M.D. La. July 16, 2010); *see also Chapman v. Ensco Offshore Co*, 463 Fed. App'x 276, 279–80 (5th Cir. Feb. 24, 2012) (affirming inadmissibility of a "root-cause analysis" investigation report on the basis of hearsay); *see also Shields v. Sturn, Ruger & Co.*, 864 F.2d 379, 381 (5th Cir. 1989) (excluding accident reports on the basis of hearsay); *see also Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280–81 (5th Cir. 1991). District courts in this Circuit have occasionally allowed admission of accident and investigative reports pursuant to two statutory exceptions—the business records exception and public records exception. *See* FED. R. EVID. 803(6), 803(8). However, the Root Cause document does not fall within either exception.

The U.S. Supreme Court explicitly warned against admission of a company's accident reports as "business records." *Palmer v. Hoffman*, 318 U.S. 109, 113, 63 S.Ct. 477, 480, 87 L. Ed. 645 (1943). As the Court noted, the business records exception was meant for "routine reflections of the day to day operations of a business," *i.e.* "systematic conduct of the business as a business." *Id.* Even though accident reports may afford information on which management may act, they are not "typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others, or to provide

internal controls." *Id.* See also *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 238 (5th Cir. 1988) ("Like the accident reports in *Palmer* customarily produced, the forms were not completed by the proprietors as part of the 'systematic course' of their business; their primary utility, rather, is for litigation."). The Root Cause Analysis should be excluded for the reasons shown above.

2. **Plaintiff's Exhibit 16: GIS Master Service Contract with LLOG.** GIS objects as to relevance and on the basis that the contract has a confidentiality clause. Fed. R. Evid. 402. Further, The Plaintiff seeks to admit the contract without fully redacting insurance provisions that are irrelevant, inadmissible, and needlessly and prejudicially offer evidence of insurance coverage of at least one defendant. Fed. R. Evid. 411.

3. **Plaintiff's Billing Records Exhibits 19, 22, 24, 27, 30, 32, 35, 37, 39, 68 :** Lack of evidentiary foundation for records custodian to testify in affidavit that medical services were medically "necessary". Lack of foundation by any witness with personal knowledge that the services were medically necessary. Records custodian is not qualified as a medical expert regarding medical services that were allegedly medically necessary and form the basis of these charges for services. There has been no showing by Plaintiff to support same. Additionally, no medical expert designated under Rule 26 has personal knowledge of these medical bills

and/or offered a timely opinion on same in accordance with Rule 26 FRCP and this Court's Scheduling Orders.

4. **Plaintiff's Exhibit 42: Plaintiff's expert Michael Lebsack expert report.** The expert report is Hearsay.

5. **Plaintiff's Exhibit 44**: Plaintiff's expert Michael Lebsack's expert file. The file contains a compilation of pages from the policies and procedures of unrelated companies, some of which are many years out of date. It also contains purported standards of other entities. The documents are all unauthenticated, hearsay, incomplete, irrelevant to this case. Prejudicial even if relevant.

6. **Plaintiff's Exhibit 55: Gulf Logistics' Objections to Plaintiff's Notice of Deposition of Gulf Logistics' corp. rep. Ralph Lagarde.** The defendants object on the basis that the proffered exhibit is not relevant under Rule 401 of the Federal Rules of Evidence and therefore inadmissible under Rule 402.

7. **Plaintiff's Exhibit 58: Amended Notice of Deposition of LLOG Corp. rep. James Bassi.** The defendants object on the basis that the proffered exhibit is not relevant under Rule 401 of the Federal Rules of Evidence and therefore inadmissible under Rule 402.

8. **Plaintiff's Exhibit 60: Facebook Page of John Friesenhahn.** Plaintiff seeks to admit this exhibit through witness James Bassi. The witness has no personal knowledge of the contents. The exhibit is unauthenticated, constitutes

hearsay, and is irrelevant under Rule 401 of the Federal Rules of Evidence and therefore inadmissible under Rule 402.

9. **Plaintiff's Exhibit 62: 2019 Article from Buckskin Magazine:**

Plaintiff seeks to admit this exhibit through witness James Bassi, who has no personal knowledge of same. The article was written in 2019. Plaintiff's alleged incident occurred in 2017 and the article is not related to same. The document is unauthenticated, hearsay and irrelevant to this case under Rule 401 of the Federal Rules of Evidence and therefore inadmissible under Rule 402.

10. **Plaintiff's Exhibit 94: Seadrill emails:** Unauthenticated, no witness with personal knowledge, hearsay, lack of evidentiary foundation. The proffered exhibit is not relevant under Rule 401 of the Federal Rules of Evidence and therefore inadmissible under Rule 402.

Respectfully submitted:

ALLEN & GOOCH

A LAW CORPORATION

_[signature]_

_____
ALAN J. MECHE (SBOT#24025530)
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA 70598-1129
Telephone: (337) 291-1480
Fax: (337) 291-1485
Email: AlanMeche@AllenGooch.com

*Attorneys for Defendants, Gulf Logistics Operating, Inc. Gulf Logistics, LLC and LLOG Exploration Offshore, LLC*

Of Counsel:

ALLEN & GOOCH
A LAW CORPORATION

Randy Theunissen (SBOT #00795174)
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA 70598-1129
Telephone: (337) 291-1240
Fax: (337) 291-1245
Email: RandyTheunissen@AllenGooch.com

BROWN SIMS, P.C.

/s/*John Davis*
Michael D. Williams
State Bar No. 21564330
Federal I.D. 6982
*mwilliams@brownsims.com*
John G. H. Davis
State Bar No. 24012507
*jdavis@brownsims.com*
Melanie G. Fordyce
State Bar No. 24206702
Federal I.D. No. 1179595
*mfordyce@brownsims.com*
1177 West Loop South, 10th Floor
Houston, Texas 77027
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
*Attorneys for Defendant,*
*Grand Isle Shipyard, LLC*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the above and foregoing instrument has this day been served on all parties through the Court's electronic filing system and as noted below in accordance with the Federal Rules of Civil Procedure:

( )   Hand Delivery     ( )   Prepaid U.S. Mail   ( )   U.S. Mail/CMRRR
(X)   Email                 ( )   Facsimile           ( )   Overnight Mail Service

Lafayette, Louisiana, this 18th day of July 2022.

John D. Sheppard
Daniel Sheppard
MORROW & SHEPPARD, LLP
3701 Kirby Drive, Suite 1000
Houston, TX  77098

_____
ALAN J. MECHE (SBOT#24025530)