## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FLORA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIV. ACTION NO.: 4:19-CV-2328 |
| | § | |
| TRANSOCEAN DRILLING (USA), Inc. | § | |
| *et al.* | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL EXHIBITS

In accordance with the Court's Local Rules and Procedures, Plaintiff submits his Objections to Defendants' Trial Exhibits.

## I.      LEGAL STANDARD

Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402. However, even relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.  The "major function" of Rule 403 is to exclude "matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."  *United States v. McRae*, 593 F.2d 700, 707.

1

Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404

Hearsay is any statement made out of court and offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is not admissible except as provided otherwise by federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802.

## II.   PLAINTIFF'S OBJECTIONS

### A. Exhibit 14

Exhibit 14 is a photograph, purportedly of the back deck of the *Maggie A*. Plaintiff objects to this exhibit under Federal Rules of Evidence 401 to 403, as misleading, and for a lack of foundation. At the time of the Incident, the vessel was heaving due to a 6 to 7 foot swell. This photograph does not reflect that. Moreover, there is no evidence that the photo accurately depicts the way things looked on the back deck of the *Maggie A* when the Incident occurred. There is no competent evidence that the photograph fairly and accurately depicts the back deck of the *Maggie A* as it existed at the time of the Incident. Without that basic predicate, the photograph is inadmissible.

### B. Exhibit 21

Exhibit 21 is a purported agreement between various LLOG entities and C&G

Boats, Inc. (a non-party).  Plaintiff objects to this exhibit under Federal Rule of Evidence 401 to 403.  Further, Plaintiff objects to this exhibit as hearsay as it purports to be an agreement between various LLOG entities and C&G Boats, Inc. (a non-party) and no exception to hearsay applies.  Further, Plaintiff objects to this exhibit as it has not been properly authenticated by the parties to the purported agreement.

### C. EXHIBIT 22

Exhibit 22 is a purported agreement between various LLOG entities and Seadrill Deepwater Contracting, Ltd. (a non-party).  Plaintiff objects to this exhibit under Federal Rule of Evidence 401 to 403.  Further, Plaintiff objects to this exhibit as hearsay as it purports to be an agreement between various LLOG entities and Seadrill Deepwater Contracting, Ltd. (a non-party) and no exception to hearsay applies.  Further, Plaintiff objects to this exhibit as it has not been properly authenticated by the parties to the purported agreement.

### D. EXHIBIT 23

Exhibit 23 is a purported agreement between various LLOG entities and Eagle Consulting, LLC (a non-party).  Plaintiff objects to this exhibit under Federal Rule of Evidence 401 to 403.  Further, Plaintiff objects to this exhibit as hearsay as it purports to be an agreement between various LLOG entities and Eagle Consulting, LLC (a non-party) and no exception to hearsay applies.  Further, Plaintiff objects to this exhibit as it has not been properly authenticated by the parties to the purported agreement.

### E. EXHIBIT 25

Exhibit 25 is a purported agreement between various LLOG entities and Dynamic Contract & Consultant Services, LLC (a non-party).  Plaintiff objects to this exhibit under Federal Rule of Evidence 401 to 403.  Further, Plaintiff objects to this exhibit as hearsay as it purports to be an agreement between various LLOG entities and Dynamic Contract & Consultant Services, LLC (a non-party) and no exception to hearsay applies.  Further, Plaintiff objects to this exhibit as it has not been properly authenticated by the parties to the purported agreement.

## F.  EXHIBIT 28

Exhibit 28 are email strings between various persons.  Plaintiff objects to these emails under Federal Rule of Evidence 401 to 403 and as hearsay and hearsay within hearsay.

## G. EXHIBIT 29

Exhibit 29 is comprised of Plaintiff's employment records for Smith Maritime. Plaintiff objects to this evidence under Federal Rule of Evidence 401 to 403 and as hearsay and hearsay within hearsay.  Plaintiff's employment application for Smith Maritime is not relevant to any issue in this case.  For example, Defendants seek to introduce the following with this exhibit: Smith Maritime's drug and alcohol policy and firearms, weapons-free workplace policy and medical records that constitute hearsay and hearsay within hearsay.

## H. EXHIBIT 30

Exhibit 30 is comprised of Plaintiff's employment records for Fugro USA

Marine, Inc. Plaintiff objects to this evidence under Federal Rule of Evidence 401 to 404. This exhibit contains irrelevant, confusing, misleading, and unfairly prejudicial evidence. Plaintiff's employment application for Fugro USA Marine, Inc. is not relevant to any issue in this case. For example, Defendants seek to introduce the following with this exhibit: employment applications from 2003 and 2010, irrelevant references to other bad acts including references to a crime which occurred more than 30 years ago. These references to other crimes and/or bad acts have no bearing on any issue in this case. Plaintiff further objects as the records are hearsay and/or hearsay within hearsay. Plaintiff further objects to the insurance information presented in the exhibit and on grounds that the exhibit seeks to introduce collateral source information.

## I. EXHIBIT 31

Exhibit 31 is comprised of Plaintiff's employment records for Edison Chouest Offshore, Inc. Plaintiff objects to this evidence under Federal Rule of Evidence 401 to 404. This exhibit contains irrelevant, confusing, misleading, and unfairly prejudicial evidence. Plaintiff's employment application for Edison Chouest Offshore, Inc. is not relevant to any issue in this case. For example, Defendants seek to introduce the following with this exhibit: employment applications from 2014, irrelevant references to other bad acts including references to a crime which occurred more than 30 years ago. These references to crimes and/or bad acts have no bearing on any issue in this case. Plaintiff further objects as the records are hearsay and/or hearsay within hearsay. Plaintiff further objects to the insurance information presented in the exhibit and on

grounds that the exhibit seeks to introduce collateral source information.

## J. Exhibit 32

Exhibit 32 is comprised of Plaintiff's employment records for Cashman Equipment Corporation/Servicio Marina Superior, LLC. Plaintiff objects to this evidence under Federal Rule of Evidence 401 to 403. This exhibit contains irrelevant, confusing, misleading, and/or unfairly prejudicial evidence. Plaintiff's employment application for Cashman Equipment Corporation/Servicio Marina Superior, LLC is not relevant to any issue in this case.

## K. Exhibit 33

This document states that a particular entity had no records. This exhibit is not relevant to any issue in this case and merely certifies that a particular entity did not have records.

## L. Exhibit 44

Exhibit 44 is a CV for Dr. Taylor Brown. Plaintiff objects to this exhibit as inauthentic and as hearsay. Dr. Brown needs to verify the authenticity of the CV and confirm its contents.

## M. Exhibit 45

Exhibit 45 is a CV for Mr. Ron Campana. Plaintiff objects to this exhibit as inauthentic and as hearsay. Mr. Campana needs to verify the authenticity of the CV and confirm its contents.

## N. Exhibit 46

Exhibit 46 is a CV for Mr. David Scruton.  Plaintiff objects to this exhibit as inauthentic and as hearsay.  Mr. Scruton needs to verify the authenticity of the CV and confirm its contents.

## O. EXHIBIT 51

Exhibit 51 is Plaintiff's First Amended Complaint.  Plaintiff objects to the admission of this exhibit as it is not evidence and is hearsay.  Plaintiff's unsworn allegations are not evidence and provide no support for Plaintiff's claims.  *See In re Grand Jury Subpoena*, 419 F.3d 329, 336 (5th Cir. 2005) ("Allegations in pleadings are not evidence..."); *Petro Franchise Sys., LLC v. All Am. Props., Inc*., 607 F. Supp. 2d 781, 801 n.12 (W.D. Tex. 2009) (same); *Barrie v. Intervoice-Brite, Inc*., 2009 WL 3424614, at *9 (N.D. Tex. Oct. 26, 2009) ("Allegations in pleadings are not evidence.").

## P. EXHIBIT 58

Exhibit 58 is medical records related to a Covid test that was administered to Plaintiff.  The Covid test is not relevant to any issue in this case.  Further, Plaintiff objects to these records as hearsay as they are not supported by an affidavit.

## Q. EXHIBIT 59

This exhibit was not exchanged by the deadline to do so.  Without knowing what the exhibit is, Plaintiff is unable to identify other objections that need to be made.

## R. EXHIBIT 60

Exhibit 60 is medical records related to a Covid test that was administered to

Plaintiff.  The Covid test is not relevant to any issue in this case.  Further, Plaintiff objects to these records as hearsay as they are not supported by an affidavit.

### S. EXHIBIT 61

This exhibit was not exchanged by the deadline to do so.  Without knowing what the exhibit is, Plaintiff is unable to identify other objections that need to be made.

### T. EXHIBIT 62

This exhibit was not exchanged by the deadline to do so.  Without knowing what the exhibit is, Plaintiff is unable to identify other objections that need to be made.

### U. EXHIBIT 63

This exhibit was not exchanged by the deadline to do so.  Without knowing what the exhibit is, Plaintiff is unable to identify other objections that need to be made.

### V. EXHIBIT 64

This exhibit was not exchanged by the deadline to do so.  Without knowing what the exhibit is, Plaintiff is unable to identify other objections that need to be made.

### W. EXHIBIT 65 (SEA SUPPORT VENTURES EXHIBIT)

This exhibit was not exchanged by the deadline to do so.  Without knowing what the exhibit is, Plaintiff is unable to identify other objections that need to be made.

### X. EXHIBIT 65 (PHOTOGRAPHS OF KATMAI BAY)

Plaintiff objects to this exhibit under Federal Rules of Evidence 401 to 403.  Plaintiff objects to this exhibit as it was not produced by the deadline to do so and/or supplemented timely.  GLO had these photos in their possession no later than January

12, 2022 and did not produce them until May 26, 2022.

## Y. EXHIBIT 66 (PHOTOGRAPHS OF KATMAI BAY)

Defendants have nave Exhibit 66 "Records of K&K Marine LLC." Plaintiff is unable to locate any documents from K&K Marine LLC that were served by Defendants. Moreover, this exhibit was not exchanged by the deadline to do so. Further, without knowing what the exhibit is, Plaintiff is unable to identify other objections that need to be made.

## Z. EXHIBIT 67

Exhibit 67 are Certificates of Inspection for the *Maggie A*. Plaintiff objects to these exhibits under Federal Rules of Evidence 401 to 403. Plaintiff objects to this exhibit as it was not produced by the deadline to do so and/or supplemented timely.

Respectfully submitted,

MORROW & SHEPPARD LLP

*/s/ Daniel E. Sheppard*
John D. Sheppard
Attorney-In-Charge
State Bar No. 2405133
Federal I.D. 635193
Daniel E. Sheppard
State Bar No. 24103929
Federal I.D. 3120079
5151 San Felipe Street, Suite 100
Houston, Texas 77056
713.489.1206 tel
713.893.8370 fax

All E-Service To:
msfiling@morrowsheppard.com
jsheppard@morrowsheppard.com
dsheppard@morrowsheppard.com

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2022 a true and correct copy of the above foregoing instrument has been served to all parties through their counsel of record in this proceeding in accordance with the Federal Rules of Civil Procedure via CM/ECF.

*/s/ Daniel E. Sheppard*
Daniel E. Sheppard